State of New York
Committees on Character and Fitness
for the
Second Judicial Department

718-923-6360

Renaissance Plaza
335 Adams Street, Room 2404 - 24th Floor
Brooklyn, New York 11201

FRED A. BODOFF, ESQ., EXECUTIVE SECRETARY
PATRICIA COLLINS, ESQ., DEPUTY EXECUTIVE SECRETARY

In the matter of the Application of
JOHN KENNEDY O'HARA
For Reinstatement to the Bar
of the State of New York

1997- 05257

## FINAL REPORT TO THE COURT

John Kennedy O'Hara was admitted to the Bar of the State of New York by the Appellate Division, Second Department, on March 27, 1991.

By opinion and order of the Appellate Division, Second Department, dated November 10, 1997, Mr. O'Hara was automatically disbarred, pursuant to Judiciary Law §90(4), based on his conviction of offering a false instrument for filing in the first degree, a class E felony, in violation of Penal Law §175.35; false registration, a class E felony, in violation of Election Law §17–104; and five counts of illegal voting, in violation of Election Law §17-132(3).

Mr. O'Hara applied for reinstatement in June 2008.

By decision and order of the Appellate Division, Second Department, dated October 29, 2008, Mr. O'Hara's application for reinstatement to the Bar of the State of New York was held in abeyance and the matter was referred to this committee to investigate and report on Mr. O'Hara's current fitness to be an attorney.

Thereafter, a subcommittee consisting of Adrienne Flipse Hausch, Esq., Chairperson, and David H. Besso, Esq., member, was appointed, and a subcommittee hearing was conducted on April 17, 2009. At the conclusion of the subcommittee hearing, the subcommittee issued a six (6) page report, dated May 21, 2009, which recommended that Mr. O'Hara's application for reinstatement to the Bar of the State of New York be granted.

At the meeting of the Full Committee on Character and Fitness for the Second, Tenth, Eleventh and Thirteenth Districts, which was held on June 26, 2009, the Full Committee voted to approve the subcommittee's recommendation that Mr. O'Hara's application for reinstatement be

granted. The vote was unanimous, <u>viz.</u>, twenty-five (25) members voting in favor of Mr. O'Hara's application for reinstatement.

The file is now being transmitted to the Court for a final determination.

Respectfully submitted,

Fred A. Bodoff, Esq.
Executive Secretary

FAB:cv
Enc.
Dated: 7/23/09

Supreme Court of the State of New York
Appellate Division- 2d Department
Committee on Character and Fitness

NEW YORK STATE COMMITTEE
ON CHARACTER & FITNESS
RECEIVED

-------------------------------------------------x

In the Matter of

'09 JUN -1 P 1:16

Decision

JOHN KENNEDY O'HARA

-------------------------------------------------x

## BACKGROUND

John Kennedy O'Hara was originally admitted to practice in New York in the second Department on March 27, 1991. On May 13, 1997, Mr. O'Hara was convicted of a felony and by order of the Appellate Division second Department was disbarred on November 10, 1997. Mr. O'Hara moved for readmission in 2008. By order of the Appellate Division dated October 10, 2008, the court referred this matter to the Committee to investigate and report. A subcommittee consisting of Adrienne Flipse Hausch, Chair and David H. Besso, member, was appointed by the Chair. The committee held a hearing on April 17, 2009.

Mr. O'Hara has resided at 61st Street in Brooklyn except for approximately one year from November 1992 to November 1993 when he resided on 47th Street, about 14 blocks from his home on 61st street. While he resided on 47th Street, Mr. O'Hara maintained a law office at the 61st Street location. Mr. O'Hara registered to vote from the 47th Street apartment and voted in approximately five (5) state and local elections from that address. The apartment building on 47th Street was owned by Magaly Lucas, a law school classmate of Mr. O'Hara.

Mr. O'Hara testified that he moved to the 47th Street residence with the intention of purchasing it, but when the purchase fell through, he returned to his 61st Street residence and reregistered to vote there in 1993. Mr. O'Hara was actively involved in politics during this period and ran primaries against organization candidates in Brooklyn. These campaigns were quite successful and for a period of years Mr. O'Hara was able to unseat a number of organization incumbents which, inevitably, angered the local political machine. Mr. O'Hara also ran himself for State Assembly and City Council. Mr. O'Hara, accurately it appears, claims that the machine went gunning for him and pounced on his change of residency calling it election fraud. Both of these residences were in the same legislative districts. Thus, Mr. O'Hara could run from either address and did not need to manufacture one to run or vote for any of the candidates for whom he voted in the five (5) elections at issue. Mr. O'Hara was charged with such fraud and was indicted in 1996. His first conviction after trial was reversed by the Appellate Division and a new trial ordered. The second trial ended in a deadlock jury. In 1997, after the third trial, Mr. O'Hara was convicted of a felony and disbarred. Mr. O'Hara appealed his conviction again but the Court of Appeals sustained the conviction in June 2001. Mr. O'Hara has recently been pursuing a gubernatorial pardon.

Since his disbarment, Mr. O'Hara has been, in large measure, "consumed" by trials, appeals and efforts to exonerate" himself. He has run at least four (4) successful judicial campaigns and spent the better part of two (2) years working for the removal of the guardians for a former Brooklyn judge who embezzled the judge's estate.

However, since all of his appeals have been exhausted – including Federal Habeas Corpus – he has pursued reinstatement. He believes that being an attorney in good standing will help him continue to assist those he believes have been treated unjustly by the legal system.

## GROUND FOR DISBARMENT

Mr. O'Hara was prosecuted for filing a false instrument (voter registration form) in violation of Penal Law § 175.35 and filing a false registration in violation of Election Law § 17-104 as well as five (5) count of illegal voting under § 17-132(3) of the Election Law. Mr. O'Hara was accused of registering to vote from a false address in 1992.

3

Mr. O'Hara claimed that he legitimately maintained two residences from November 1992 until November 1993 and that his 1996 indictment was politically motivated. This view is supported by a former Brooklyn Assistant District Attorney and an investigative reporter who spent eight (8) months researching this case in 2003-2004.

After the third trial, the Court of Appeals affirmed the conviction. In his dissent, Judge Rosenblatt noted that Mr. O'Hara was the only person ever prosecuted under this section of the Election Law, although the applicant claims that he is the first prosecution since Susan B. Anthony was charged in 1843. Judge Rosenblatt cited numerous cases, with similar allegations, all of which were resolved in <u>civil</u> proceedings in the voter's favor where the facts were far more egregious than the facts here.

## ACTIVITIES SINCE DISBARMENT

Mr. O'Hara testified that since his disbarment he has worked in public service "type activities" which has included running successful political campaigns for several maverick Brooklyn judges. One such judge, now retired, testified on Mr. O'Hara's behalf.

Eileen N. Nadelson was elected to the New York City Civil Court at the behest of Mr. O'Hara. While President of the League of Women Voters, Judge Nadelson assisted Mr. O'Hara in having the League of Women Voters file an amicus brief on his behalf to the New York State Court of Appeals in 2001. A year later, Mr. O'Hara asked Judge Nadelson is she wished to run as a judge and she agreed although she was concerned about Mr. O'Hara's felony

4

conviction and disbarment. During the campaign, Judge Nadelson was also accused of election fraud for filing false petitions. As it turned out, a person or persons unknown to the campaign had filed obviously false petitions. The petitioners were thrown out but there was no other sanction. Cited this as another example of the corruption of the Brooklyn political machine against which Mr. O'Hara continues to fight.

Judge Nadelson (who since her retirement in January 2009 is serving as a JHO) believes that Mr. O'Hara had and continues to have the requisite character and fitness to be a member of the bar and that his prosecution was intended to neutralize him as a political adversary.

## RECOMMENDATION

Although the committee has grave doubts that Mr. O'Hara did anything that justified his criminal prosecution, even if Mr. O'Hara was guilty of the offense for which he was convicted, we believe that Mr. O'Hara now has the requisite character and fitness to be reinstated as a member of the bar.

It is the recommendation of the Committee that Mr. O'Hara's application for reinstatement be granted.

Dated: May 21, 2009

_____
Adrienne Flipse Hausch, Chairman

_____
David Besso, Member

6