UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN O'HARA,

               Plaintiff,                       ORDER
                                                     17-CV-4766

   - against -

CITY OF NEW YORK, DISTRICT ATTORNEY
CHARLES J. HYNES, ASSISTANT DISTRICT
ATTORNEY JOHN P. O'MARA, ASSISTANT
DISTRICT ATTORNEY ANGELO M. MORELLI,
ASSISTANT DISTRCT ATTORNEY DINO AMOROSO,
DISTRICT ATTORNEY INVESTIGATOR ALLEN PRESSER,
ASSEMBLYMAN JAMES F. BRENNAN, JOHN W.
CARROLL, ESQ., JOHN KEEFE, and JEFFREY WAITE,
ESQ.,
               Defendants.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

       On January 30, 2019, counsel for Defendants filed a Suggestion of Death as to Defendant Hynes, who died the day before. (ECF No. 57). On February 27, 2019, the Court granted Plaintiff's request to stay the proceedings currently pending before the Court, namely, the disposition of Defendants' motions to dismiss, until the substitution of Mr. Hynes's estate as defendant pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. (ECF No. 61). On April 19, 2019, a telephone conference was held to determine whether the stay should continue given that the substitution of Mr. Hynes's estate may not occur until June 30, 2019. (Plaintiff's request for a 60-day extension of time to file a motion to substitute Mr. Hynes's estate was granted. *See* ECF No. 65). Defendants aver that the stay need not continue because the Court's disposition of the fully briefed motions will not result in any prejudice to Mr. Hynes's estate if and when it is substituted as defendant. (ECF No. 64).

1

After due consideration, the Court concludes that the stay should be lifted. The motions were fully briefed while Mr. Hynes was alive and his estate is not in any way prejudiced by his fortuitous death before they were decided than it would be had they been decided immediately prior to his death. In either case they would, in the familiar phrase, stand in his shoes. *See Rattray v. Raynor*, 10 N.Y.2d 494, 499, 180 N.E.2d 429, 225 N.Y.S.2d 39 (1962); *PDV (USA), Inc. v. Cobrin, Gittes & Samuel*, 15 Misc. 3d 937, 938–39, 832 N.Y.S.2d 912, 914 (Sup. Ct. N.Y. Cty. 2007); *Tankleff v. Cty. of Suffolk*, No. 09-CV-1207 (JS) (AYS), 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016); *Dolgow v. Anderson*, 45 F.R.D. 470, 473 (E.D.N.Y. 1968).

In the event one or more of the Plaintiff's actions survives the Defendants' motions to dismiss, the stay of future proceedings as to those will be reinstated awaiting the substitution of the estate as defendant.

SO ORDERED.

Dated: Brooklyn, New York
May 2, 2019

/s/_____
I. Leo Glasser                    U.S.D.J.