UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOHN O'HARA,

               Plaintiff,                             MEMORANDUM AND ORDER
                                                                17-CV-4766

   - against -

CITY OF NEW YORK, PATRICIA L. HYNES, *as
administrator of the estate of Charles J. Hynes*,
ASSISTANT DISTRICT ATTORNEY JOHN P.
O'MARA, ASSISTANT DISTRICT ATTORNEY
DINO AMOROSO, DISTRICT ATTORNEY
INVESTIGATOR ALLEN PRESSER,
ASSEMBLYMAN JAMES F. BRENNAN,
JOHN W. CARROLL, JOHN KEEFE,
and JEFFREY WAITE,

               Defendants.
----------------------------------------------------------------x
GLASSER, Senior United States District Judge:

       On May 31, 2019, the Court granted in part and denied in part motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 68, "Order"). Now pending before the Court are plaintiff's motions for reconsideration (ECF No. 71) and reargument. (ECF No. 72). Plaintiff asks the Court to (1) reinstate his vicarious liability claim against the City of New York (the "City"); (2) reinstate his supervisory liability claim against Charles Hynes and John O'Mara (with the City, the "City Defendants"); and (3) grant leave to reargue his fabricated-evidence claims. For the following reasons, both motions are **GRANTED**.

## BACKGROUND

       A lengthy dissertation of the facts is not necessary to resolve the pending motions. The Order dismissed numerous claims, including abuse of process, retaliation, fabricated evidence, selective prosecution, supervisory liability, and vicarious liability. (Order 17, 20). Thereafter,

1

plaintiff moved for reconsideration, arguing that his vicarious liability claim is actionable under state law, and his supervisory liability claim actionable under 42 U.S.C. § 1983. (ECF No. 71-1).

Just one week later, the Supreme Court decided *McDonough v. Smith*, 139 S. Ct. 2149 (2019) ("*McDonough II*"), holding that the statute of limitations for a fabricated-evidence claim "does not begin to run until the criminal proceedings against the defendant (*i.e.*, the § 1983 plaintiff) have terminated in his favor." *McDonough II*, 139 S. Ct. at 2155; *see also McDonough v. Smith*, 898 F.3d 259 (2d Cir. 2018) ("*McDonough I*"). Under the now-overturned *McDonough I*—which begins the clock when fabricated evidence is used—the Court found plaintiff's claims untimely. The Court did not reach the merits of the claims.[1] (Order 9–10).

## LEGAL STANDARD

Plaintiff's motions are brought under Rule 54(b) and Local Rule 6.3.[2] Pursuant to those rules, the Court has the authority to reconsider a prior decision at any time before the entry of final judgment. Rule 54(b) provides, in relevant part:

> [A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Reconsideration will be given where there is an intervening change in controlling law, the availability of new evidence, or a need to correct a clear error or prevent a manifest injustice. *Richman v. W.L. Gore & Assocs., Inc.*, 988 F. Supp. 753, 755 (S.D.N.Y. 1997).

---

[1] After both motions, the case was stayed for nearly one year while plaintiff substituted the proper party for the late Charles Hynes. (*See* ECF No. 87).

[2] No defendant contests the timeliness of either motion. Although plaintiff's motion to reargue was outside the 14-day window prescribed by Local Rule 6.3, the motion was made just one day after *McDonough II* was decided.

## DISCUSSION

### I. Motion for Reconsideration

No party has objected to the motion for reconsideration.[3] (ECF Nos. 93–95). In fact, the City Defendants concede that, because the two claims at issue "do not change the scope of discovery or increase potential damages, [they] take[] no position on the motion." (ECF No. 94 at 1). The motion is therefore granted, and plaintiff's supervisory and vicarious liability claims are reinstated.

### II. Motion to Reargue

Plaintiff seeks "leave to reargue" his dismissed fabricated-evidence claims in light of *McDonough II*. (ECF No. 72-1 at 2). While each defendant disputes the adequacy of plaintiff's claims, only defendant John Carroll continues to challenge their timeliness. Carroll argues that the claims accrued in 2005, when plaintiff unsuccessfully "exhausted his post-conviction avenues of relief," rather than 2017, when his charges were vacated. (ECF No. 95 at 5). That is plainly irreconcilable with *McDonough II*, which begins the clock when criminal proceedings have terminated in the § 1983 plaintiff's favor.

Plaintiff's motion to reargue is granted. Given the requested relief—leave to reargue—the parties will be given an opportunity to address only two issues in additional briefing: (1) the effect of *McDonough II* on plaintiff's fabricated-evidence claims, if any; and (2) the merits of plaintiff's fabricated-evidence claims.

---

[3] Defendant John Carroll asks the Court to dismiss the § 1983 claims against him and to decline to exercise supplemental jurisdiction over the pendent state law claims. (ECF No. 95 at 5–6). As explained below, that argument is without merit.

## CONCLUSION

For the reasons set forth above, plaintiff's motions for reconsideration and reargument are **GRANTED**. The parties are directed to submit a schedule on or before April 28, 2020, for limited additional briefing concerning: (1) the effect of *McDonough II* on plaintiff's fabricated-evidence claims, if any; and (2) the merits of the fabricated-evidence claims.

SO ORDERED.

Dated:     Brooklyn, New York
           April 21, 2020

/s/
I. Leo Glasser                         U.S.D.J.