# EXHIBIT J

NEW YORK STATE SUPREME COURT
KINGS COUNTY, CRIMINAL TERM PART 28
------------------------------------------------------------------------x
PEOPLE OF THE STATE OF NEW YORK

                                            **DECISION AND ORDER**
                                            Hon. Rhonda Tomlinson
                                            Dated: October 20, 2023
        -against-                              Indictment No. 13525-1996

John O'Hara

                              **Defendant,**
------------------------------------------------------------------------x

        The petitioner, John O'Hara, moves for an order unsealing grand jury minutes to obtain a copy of testimony given by witnesses who testified about his place of residency. The petitioner seeks the minutes for his federal lawsuit for false arrest and malicious prosecution and other related claims.

        By statute, grand jury proceedings are secret (CPL 190.25 [4][a]). The testimony of grand jury witnesses may not be disclosed to another person without a court order (id). To justify disclosure of grand jury testimony, the moving party must demonstrate a compelling and particularized need for the testimony (see. *Matter of District Attorney of Suffolk County*, 58 NY2d 436, 44 [1983]). Upon such a showing, a court must weigh the public benefit of disclosure against the need to maintain secrecy (id.).

        The petitioner has not made a compelling and particularized showing of his need for the grand jury materials. He alleges that the minutes are central to his claim of malicious prosecution which is now in the discovery stage. The petitioner asserts that he has a copy of the grand jury minutes of Roberto Lozano, John Keefe, Joel Wasserman, and Querbin Pomes, but is unaware of any other witnesses or documents that maybe in the possession of the Kings County District Attorney's Office (KCDA). The Petitioner's bases for believing there may be more grand jury

testimony is because KCDA's Conviction Review Unit indicted that come grand jury transcripts are missing.

This Court understands that the grand jury minutes may help the petitioner prepare his case and be useful as potential impeachment material, but those reasons do not constitute the compelling and particularized need required to overcome the presumption of confidentially that attaches to grand jury testimony (see. *Melendez v. City of New York*, 109 AD2d 13, 19 [1st Dept 1985]). This Court, Therefore, does not need to balance the public benefit of disclosure against the need to maintain the secrecy of grand jury proceedings (see. *Matter of District Attorney of Suffolk County*, 58 NY2d at 444).

Accordingly, petitioner's motion to unseal the grand jury minutes is denied.

The foregoing constitutes the Decision and Order of the Court.

Dated: October 20, 2023
Brooklyn, New York

_____
Hon. Rhonda Tomlinson
Acting Justice Supreme Court

**ENTERED**

OCT 20 2023

NANCY T. SUNSHINE
COUNTY CLERK