# EXHIBIT S

45

S.C. CRIM. NO. 41          SUPREME COURT
   (Rev. 6/75)                OF THE                           ORDER
                          STATE OF NEW YORK

              PART   46      COUNTY   BRONX

----------------------------------------x   Indictment Number  5993 1994
THE PEOPLE OF THE STATE OF NEW YORK,    :   Motion for:  OMNIBUS
          -against-                     :
BENJAMIN RAMOS,                         :   Submitted _____ 19__
                Defendant.              :
----------------------------------------x   Present:

                                            Hon. Phylis Skloot Bamberger
                                                      J.S.C.

                                            :   Papers Numbered   :
Notice of Motion and Affidavit Annexed..........:.................:
Order to Show Cause and Affidavits Annexed......:.................:
Answering Affidavits............................:.................:
Replying Affidavits.............................:.................:
Exhibits........................................:.................:
Stenographer's Minutes..........................:.................:
Stipulation.....................................:.................:

   Upon the foregoing papers this motion is decided as follows.

   The motion to inspect the grand jury minutes is granted. This Court has inspected the transcript of the grand jury proceedings and it holds that an error in the instructions to the grand jury impaired the integrity of the grand jury proceedings and prejudiced the defendant. C.P.L. §§190.30(7), 210.20(1)(c), 210.35(5). Accordingly, the motion to dismiss the indictment is granted. The People are given leave to re-present the case to another grand jury and the case is adjourned to December 22, 1994. The People may advance the case, on notice to the defendant, to an earlier date if they obtain another indictment.

KCDA001205

JO-468                                                              0001

46

The defendant is charged with three counts of offering a false instrument for filing in the first degree, three counts of falsifying business records in the first degree, one count of false registration and four counts of illegal voting. All of these charges share the common allegation that the defendant claimed to but did not in fact reside at 1307 E. L. Grant Highway, apartment 5D, in the period between October 6, 1992, and November 2, 1993. Apartment 5D was leased by Emilio Garcia and his wife, Carmen Diaz-Garcia. The Garcias are the defendant's wife's parents. The defendant and the Garcias both testified that the defendant lived in the E. L. Grant apartment and also maintained a residence in New Jersey, which he used on the weekends and in the summer time. There was other evidence that suggested the defendant lived in New Jersey during the period in question. Therefore, the grand jury was presented with a clearly raised question of fact[1] and the definition of residency, the legal principle on which the grand jury's determination of the fact question had to be based, was crucial to whether an indictment would be voted.

When instructing the grand jury on the issue of residency, the prosecutor stated:

> Okay. Also, I am going to read the definition of residence as stated in the Election Laws. That comes from section 1.104, subsection two-twenty:

---

[1] In response to the omnibus motion, the prosecutor asserted that the evidence before the grand jury "clearly" established that the defendant did not have any residence in the Bronx. On November 9, 1994, this Court heard argument on whether the indictment should be dismissed and the prosecutor conceded during this proceeding that there was evidence that the defendant lived at 1307 E. L. Grant Highway. The prosecutor's assertion that this evidence was not believable is not relevant because it is the grand jury's evaluation of the evidence that is controlling. See People v. Jennings, 69 N.Y.2d 103, 114 (1986); People v. Warner-Lambert Co., 51 N.Y.2d 295; 298-99, 305 (1980).

2

A. 7

47

> The term residence shall be deemed to mean that place a person maintains a fixed, permanent, and principle home, and to which he, whereever temporary located, [sic] always tends [sic] to return.

Although the grand jury need not be instructed with the same degree of precision as the petit jury, People v. Darby, 75 N.Y.2d 449, 454 (1990), it must be given enough information to enable it to intelligently to decide whether a crime has been committed, People v. Calbud, Inc., 49 N.Y.2d 389, 394-95 (1980). In this case, the prosecutor's instruction concerning residency was incomplete and did not place before the grand jury the true issue that was critical to the question at issue.

Under the case law, a candidate for public office may have more than one residence and when both residences are places where the candidate maintains significant and legitimate attachments, it is for the candidate to decide which address he considers as his voting address. Gallagher v. Dinkins, 41 A.D.2d 946, 946 (2d Dept. 1973). A place of residence is based upon express intent coupled with physical manifestations. As long as a residence is not a sham, the candidate is free to choose that residence for voting purposes even if the candidate lives there only occasionally. Id.; Gladwin v. Power, 21 A.D.2d 665 (1st Dept.), affirmed without opinion, 21 N.Y.2d 771 (1964). The prosecutor's instruction on residence did not discuss the possibility of having two residences or the need to determine that a residence is a sham in order to void the defendant's choice of 1307 E. L. Grant Highway as his voting residence.[2] On the facts presented to

---

2  Although this fact is not essential to this decision, the Court notes that the District Attorney is apparently aware of this case law concerning residency. At argument on the motion to dismiss, the defendant relied upon a press release from the Bronx District Attorney's office that announced the District Attorney's decision not to prosecute Gerard Esposito, who was recently elected to the Supreme Court in Bronx County but

3

A. 8
KCDA001207

48

the grand jury, these principles were crucial to an intelligent evaluation of the evidence. Thus, it was not enought to simply read the Election Law definition of residence to the grand jury. Such an instruction did not convey the applicable law in a manner that fairly apprised the grand jury of the issue it had to decide and it undermined the grand jury's function of deciding whether a crime had been committed and whether the evidence submitted was legally sufficient to support an indictment.

The motion to dismiss is granted.[3] This decision constitutes the order of the Court.

Dated _____November 9,_____ 19<u>94</u>     /S/
                                         _____
                                               J.S.C.

Briefs: People __Mark Schein__      Defendant __Solomon Kaplan__

---

whose principle residence was said to be in Westchester County. When explaining the announcement, the District Attorney's office implicitly acknowledged the difficulties associated with prosecuting someone who has more than one residence and it recommended that the Legislature "consider amending the definition to require that if a person maintains more than one residence, the premises with which he or she has the most significant actual contact shall be deemed his or her voting residence."

[3] In light of the order dismissing the indictment, the defendant's motion concerning discovery is denied without prejudice to renew if he is indicted a second time.

4

A.9

KCDA001208

JO-471                                                                  0004

Goldfeder, Jarry 6/6/2016
For Educational Use Only

People v. Ramos, 223 A.D.2d 495 (1996)
637 N.Y.S.2d 93

223 A.D.2d 495
Supreme Court, Appellate Division,
First Department, New York.

The PEOPLE of the State of New York, Appellant,
v.
Benjamin RAMOS, Defendant–Respondent.

Jan. 30, 1996.

The Supreme Court, Bronx County, Bamberger, J., dismissed, with leave to represent, indictment charging defendant with offering false instrument for filing in the first degree, falsifying business records in the first degree, false voter registration, and illegal voting, and appeal was taken. The Supreme Court, Appellate Division, held that indictment was properly dismissed on ground that defendant was prejudiced by impairment of integrity of grand jury proceedings.

Affirmed.

West Headnotes (1)

[1]  Grand Jury
      Charge
      Indictment and Information
      Grand or petit jury irregularities

Indictment charging defendant with offering false instrument for filing in the first degree, falsifying business records in the first degree, false voter registration, and illegal voting was properly dismissed, with leave to represent, on ground that defendant was prejudiced by impairment of integrity of the grand jury proceedings; while determination of charges by grand jury hinged upon definition of the term "residence," prosecutor's instructions to grand jury in that regard did not provide it with enough information to enable it intelligently to decide whether crime had been committed and to determine whether there existed legally sufficient evidence to establish material elements of the crime. McKinney's CPL § 210.35, subd. 5.

5 Cases that cite this headnote

Attorneys and Law Firms

**93 S. Levy, for appellant.

D. Fusco, for defendant-respondent.

Before ROSENBERGER, J.P., and WALLACH, NARDELLI, WILLIAMS and TOM, JJ.

Opinion

*495 MEMORANDUM DECISION.

Order, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), entered November 9, 1994, which dismissed, with leave to represent, the indictment charging defendant with offering a false instrument for filing in the first degree (three counts), falsifying business records in the first degree (three counts), false voter registration, and illegal voting (four counts), unanimously affirmed.

While determination of the charges herein by the Grand Jury hinged upon the definition of the term "residence", the prosecutor's instructions to the Grand Jury in that regard did not provide it "with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (People v. Calbud, Inc., 49 N.Y.2d 389, 394–395, 426 N.Y.S.2d 236, 402 N.E.2d 1140). Thus, the indictment was properly dismissed, with leave to re-present, on the **94 ground that defendant was prejudiced by the impairment of the integrity of the Grand Jury proceedings (CPL 210.35 [5]; see, People v. Darby, 75 N.Y.2d 449, 455, 554 N.Y.S.2d 426, 553 N.E.2d 974).

All Citations

223 A.D.2d 495, 637 N.Y.S.2d 93

End of Document                © 2016 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2016 Thomson Reuters. No claim to original U.S. Government Works.