UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN O'HARA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>THE CITY OF NEW YORK, PATRICIA L. HYNES, as Administrator of the Estate of Charles J. Hynes, ADA JOHN P. O'MARA, ADA ANGELO M. MORELLI, ADA DINO AMOROSO, DET. INVESTIGATOR ALLEN PRESSER, ASSEMBLYMAN JAMES F. BRENNAN, JOHN W. CARROLL, ESQ., JOHN KEEFE and JEFFREY WAITE,<br><br>　　　　　　　Defendants. | Docket No. 17-CV-4766 (ILG)(RML)<br><br>**AFFIRMATION OF ZACHARY SIDER IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |

Zachary Sider, of full age, under penalty of perjury, hereby affirms as follows:

　　　　1.　　　　I am an attorney at law in the state of New York and an Assistant District Attorney in the Office of Eric Gonzalez, Kings County District Attorney. I make this affirmation in opposition to Plaintiff's motion to compel compliance with a subpoena served upon the Kings County District Attorney's Office.

　　　　2.　　　　The universe of records in this case is exceptionally expansive.

　　　　3.　　　　Indeed, the prosecution of Plaintiff involved three trials, substantial post-conviction litigation, a KCDA Conviction Review Unit investigation, and, according to Plaintiff, a Board of Election investigation.

　　　　4.　　　　The production of "any and all" records in the non-party KCDA's possession is unnecessary and abusive, particularly where Plaintiff concedes that he is in possession of ten (10) boxes of documents.

5. Undoubtedly, many of the records in the KCDA's possession are duplicative of those in Plaintiff's possession.

6. For these reasons, any subpoena directed at the KCDA should be "targeted" to the extent necessary to avoid subpoena abuse.

7. The Plaintiff appeared to agree with this position to the extent that its first subpoena, served in June of 2019, limited its request to the "Conviction Review Unit's file . . ." (pertaining to the investigation of Plaintiff's conviction).

8. This was obviously directed at records not in the Plaintiff's possession, and the KCDA produced those records accordingly.

9. Most importantly, included in the KCDA's production was the Conviction Review Memo.

10. Redacted from the memo were references to grand jury proceedings and sealed cases, as well as core attorney work product relating to attorney mental impressions and interpretations of legal precedent in the election law space.

11. Finally, the KCDA also redacted CRU attorney conclusions and recommendations.

12. It is noted that the "facts" in the CRU memo were disclosed.

13. Additionally, case citations in the memo were left unredacted.

14. So while not giving the Plaintiff their interpretation of the legal precedent relied upon, the Plaintiff knows both the facts and exactly what legal precedent was, in fact, relied upon.

15. If there was a problem with the initial 2019 production, or the supplemental March 2021 productions, the Plaintiff certainly sat on his hands for an extended period before

approaching the KCDA. Following the KCDA's production of the redacted version of the CRU memorandum, the redacted version of the memorandum appeared in the Albany Times Union newspaper.

16. Indeed, the KCDA did not hear anything from the Plaintiff about any of their productions for the next fourteen (14) months.

17. Instead, on or about February 11, 2022, Plaintiff forwarded a second, overbroad, subpoena to the KCDA seeking "any and all" records in its possession related to <u>People v. O'Hara</u>.

18. The KCDA filed timely objections to this second subpoena, citing numerous procedural defects.

19. Moreover, the KCDA noticed that this latest subpoena demanded "records that are already in the possession of the Plaintiff and, therefore, would be cumulative and add unnecessary expense to compliance."

20. In response to the KCDA's objections, on May 9, 2022, Plaintiff's reached out to the undersigned stating as follows:

> Hey George, I'm following up on your objections to the subpoena which Dennis Kelly had served. While I do agree that some of your objections may have some merit, others are unfounded. We can go ahead and re-serve a subpoena, but that would just be a waste of time. Any chance we can just cut to the chase and agree to the production of documents?

21. The KCDA replied to Plaintiff's outreach as follows:

> Hi Mirel, we are always willing to talk. In fact, I think your communication with our office led to our initial production. I note that we did contact Mr. Kelly immediately to discuss the subpoena – but he was unwilling to negotiate anything. Hence, the objections. I am trying to file a few motions today, and I have a full day Wednesday, but we can talk Thursday or Friday. Please let me know your availability.

3

22. On May 12, 2022, the Plaintiff and KCDA were able to convene for a teleconference.

23. During the call, Plaintiff noted that the KCDA did not produce a privilege log for the first 718-page production (in July of 2019).

24. In turn, the KCDA noted that Plaintiff, by his own admission, had at least ten (10) boxes of records in his possession so a more targeted subpoena than the second one received was appropriate.

25. After the meeting, it was the KCDA's understanding that the parties agreed: 1) that the KCDA would serve a privilege log identifying records withheld/redacted from the first production of records; and 2) the Plaintiff would withdraw the second subpoena, and serve a new, targeted, subpoena on the KCDA.

26. In accordance with the agreement, on June 17, 2022, the KCDA served its privilege log for the first set of records produced, and followed up on the status of the new, targeted, subpoena.

27. In response, the Plaintiff stated, "I did not forget about the updated subpoena. I've just been swamped and will get it out as soon as possible."

28. On or about December 2, 2022, Plaintiff filed the instant motion then withdrew the motion and began to negotiate with the KCDA regarding discovery.

29. Plaintiff and the KCDA met on multiple occasions and the KCDA agreed to produce a number of documents and on or about December 27, 2022, Plaintiff's counsel sent the KCDA a letter outlining the terms of an emails search for the KCDA to run.

30. Moreover, the KCDA has spoken with Plaintiff and has agreed to produce the documents again and thus that section of petitioner's motion is moot.

4

31.     On or about January 11, 2023, Former ADA George Forbes sent Plaintiff a letter outlining the KCDA's response to the Plaintiff's request for an email search and produced the documents the Plaintiff is claiming are outstanding.

32.     On or about March 10, 2023, Plaintiff filed a motion to unseal grand jury materials, however, that motion was filed improperly.

33.     On or about June 6, 2023, Petitioner correctly filed its motion to unseal grand jury materials, which was denied on October 20, 2023, by a Decision and Order from the Honorable Rhonda Tomlinson.

34.     The KCDA on multiple occasion asserted that the work product and law enforcement privileges over the materials presented and noted that it is a felony to disclose grand jury materials without a court order.

35.     Moreover, On January 23, 2024, the KCDA sent the petitioner a revised supplemental privilege log outlining in more detail the redactions to the CRU memorandum.

36.     Attached hereto as Exhibit A is a true and correct copy of Plaintiff's June 6, 2019, subpoena.

37.     Attached hereto as Exhibit B is a true and correct copy of the Kings County District Attorney's Office's July 22, 2019, correspondence disclosing 718 pages of the Conviction Review Unit's file records.

38.     Attached hereto as Exhibit C is a true and correct copy of the Kings County District Attorney's March 5, 2021, privilege log.

39.     Attached hereto as Exhibit D is a true and correct copy of the Kings County District Attorney's March 12, 2022, supplemental privilege log and disclosures.

40. Attached hereto as Exhibit E is a true and correct copy of Plaintiff's January 10, 2022, correspondence to the Court where he acknowledges the extensive records already in his possession.

41. Attached hereto as Exhibit F is a true and correct copy of Plaintiff's second subpoena forwarded to the Kings County District Attorney's Office, received February 14, 2022.

42. Attached hereto as Exhibit G is a true and correct copy of the Kings County District Attorney's objections to Plaintiff's second subpoena.

43. Attached hereto as Exhibit H is a true and correct copy of select email correspondence exchanged between the Plaintiff and Kings County District Attorney's Office in May of 2022.

44. Attached hereto as Exhibit I is a true and correct copy of the Kings County District Attorney's privilege log for its initial document production.

45. Attached hereto as Exhibit J is a true and correct copy of Plaintiff and the Kings County District Attorney's June 24, 2022, email exchange.

46. Attached hereto as Exhibit K is a true and correct copy of a Letter from Goerge Forbes to one of Plaintiff's counsel's producing the outstanding documents.

47. Attached hereto as Exhibit L is a true and correct copy of Judge Rhonda Tomlinson's October 20, 2023, Decision and Order.

48. Attached hereto as Exhibit H is a true and correct copy of the KCDA revised supplemental privilege log.

I affirm, under penalty of perjury, that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                         s/Zachary Sider
                                                     Zachary Sider, Esq.
                                                     Assistant District Attorney
                                                     **Kings County District Attorney's Office**

Dated: April 9, 2024