

# HH&K

## Hinman, Howard & Kattell LLP

### ATTORNEYS

1025 Westchester Avenue | Suite 301 | White Plains NY  10604 | www.hhk.com

JACOB B. SHER
Special Counsel
P: (914) 694-4102
F: (914) 694-4510

March 24, 2025

Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*via ECF*

Re:    *O'Hara v. City of New York, et al.*
  Case No.: 17-CV-4766 (LDH) (RML)
  Letter in Response to the Court's Scheduling Order dated March 21, 2025

Dear Magistrate Judge Levy:

As the Court is aware, the undersigned attorneys serve as co-counsel for John O'Hara, the Plaintiff in this matter.  As the Court is aware, counsel for the Plaintiff had to write the Court on March 10, 2025, due to Defendants' noncompliance and continued 'ghosting' behavior when they had failed to meaningfully respond to Plaintiff's repeated entreaties to confer.  Per its Scheduling Order dated March 21, 2025, the Court directed counsel to meet and confer and submit a joint proposed deposition schedule by 5:00 p.m. on March 24, 2025.  If the parties were unable to do so by 5:00 p.m., the Court ordered them to submit their respective proposed dates and sequence for depositions.  As set forth below, the parties cannot establish a deposition schedule, much less basic terms to govern it.  See enclosures.  Therefore, Court intervention remains necessary.

Counsel for the City of New York initially represented on March 20 that Defendants were "conferring regarding our availability." See enclosure (e-mail correspondence, March 20, 2025, 1:47 p.m.).  This echoes a statement made by defense counsel during the parties' February 20, 2025 meet-and-confer, where they indicated they would discuss the matter among themselves, after which they would provide Plaintiff with their jointly-proposed deposition schedule.  It took over a month—and this Court's Order—for them to send anything even resembling one.

In a subsequent e-mail sent March 24, 2025, Counsel for the City supplied Defendants' proposed schedule. That schedule included various 'date ranges' extending past the agreed-upon 60-day extension deadline. Of key importance, Counsel for the City noted that counsel for his co-defendants had not confirmed whether any of the proposed dates were even viable.  See enclosure (e-mail, March 24, 2025, 11:53 a.m.).  In keeping with the prior representation that the Court would likely grant multiple adjournments there for the taking, Defendants' proposed extension takes the deposition schedule well beyond the parties' consented-to and further extended June 1, 2025 deadline for completion of all discovery.

*O'Hara v. City of New York, et al*, Case No.: 17-CV-4766 (LDH) (RML)
Letter in Response to the Court's Scheduling Order dated March 21, 2025
Page **2** of **4**

We indicated our availability to confer via telephone. Counsel for Defendants ultimately agreed. A telephone conference commenced at 4:15 p.m., lasting about 35 minutes. During the conference, the parties' counsel discussed all disputed issues. See enclosure (e-mail correspondence from March 24, 2025 [various]). Defendants maintained that they seek to depose Plaintiff, along with Defendants within 50 miles of the Courthouse, in person. They further maintained that they seek to depose Plaintiff for two days, seven hours per day, but will only agree to their clients being deposed for seven hours each. Defendants maintained their proposed sequence; we stated that Plaintiff could agree to the sequence in principle if non-parties Representative Carroll and ADA Carroll were deposed prior to commencement of Defendant Brennan's deposition on dates when Defendants O'Mara and Brennan are not being deposed, and all counsel have represented that they are available (namely, or about and between May 5 to 9 and 19 to 23, 2025). However, to agree to this schedule sequence, we maintained that Plaintiff would specifically reserve the right to move the Court to recall witnesses whose testimony would be taken before that of Defendant Carroll.

Notably, during the telephone conference, Counsel for the City and State Defendants reported that they cannot represent that Defendants Wait, Keefe, and Estate of Hynes would necessarily be available on the 'proposed' dates in question. According to Counsel for the State Defendants, Defendant Wait, a sitting judge, may be on the bench, though they indicated they would work in good faith to produce him during his now apparently only 'suggested' time frame. Counsel also related that Defendant Keefe has not yet confirmed whether he is available during his separate 'suggested' time frame. Further, Counsel for the City Defendants reports that the Executor for the Estate of Defendant Hynes is undergoing physical rehabilitation in a nursing facility. Even after we attempted to confer further, emphasizing that despite the extended period during which the parties have attempted to confer, Counsel for the State and City could not indicate whether all their clients were available for depositions on all dates set forth in the e-mail from Counsel for the City.

Court intervention is needed for discovery to progress. The following issues remain unresolved:

1. **Deposition Duration**: Defendants appear to supply a 'date range' for their clients' depositions, maintaining that Plaintiff's deposition would be taken over multiple days of seven hours, and that deponents located more than 50 miles from the courthouse will be taken remotely, and that Defendants will be deposed for a maximum of 7 hours. See enclosures. Plaintiff maintains that Defendants cannot reserve separate rules of discovery for themselves, an emerging procedural and substantive theme of this case. If Defendants insist on limiting their depositions to seven hours each, the same standard should apply to Plaintiff's deposition. Plaintiff suggests two days, five hours per day for each party witness as an acceptable compromise.

2. **Virtual Depositions**: Defendants insist that certain party witnesses—but not Plaintiff—should be entitled to remote depositions. "It would not be just for the Court to deprive Plaintiff of the same benefits of remote depositions that Plaintiff has offered to Defendants." *Douramanis v. Dur-America Brokerage Inc*, No. 20-CV-5825 (KHP), 2023 U.S. Dist. LEXIS 71155, at *2 (S.D.N.Y. Apr. 24, 2023), citing *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 2023 U.S. Dist. LEXIS 17975, 2023 WL 1469030, at *1 (S.D.N.Y. Feb. 2, 2023); *PC-41 Doe v. Poly Prep Country Day Sch.*, No. 20-CV-03628 (DG) (SJB), 2022 U.S. Dist. LEXIS 15696, 2022 WL 420619, at *2. "Remote depositions are the 'new normal' and '[t]he more recent court decisions [permitting remote depositions . . .] build on . . . case law that liberally allowed for and encouraged remote depositions as the technology for taking depositions in that way has improved significantly over time.'" *PC-41 Doe*, 2022 U.S. Dist. LEXIS 15696, 2022 WL 420619, at *1, quoting *Rouviere*

*O'Hara v. City of New York, et al*, Case No.: 17-CV-4766 (LDH) (RML)
Letter in Response to the Court's Scheduling Order dated March 21, 2025
Page **3** of **4**

*v. DePuy Orthopaedics, Inc.*, 471 F.Supp. 3d 517, 574 (S.D.N.Y. 2020).  Plaintiff therefore maintains that if some depositions are virtual, the parties should conduct all of them in like fashion.

3.  **Deposition Sequence and Scheduling**: Plaintiff proposed a deposition schedule to Defendants on February 14, 2025.  While the parties could not agree on a sequence, Plaintiff and his attorneys have conferred.   As an attempt at compromise, Plaintiff's amended proposed sequence and schedule follows:

  a.  Plaintiff: March 31 and April 1, 2025
  b.  O'Mara: April 8 and 9, 2025
  c.  Non-Party ADA John Carroll: April 10, 2025
  d.  Non-Party Assemblymember Robert C. Carroll: April 21, 2025
  e.  Defendant Carroll: April 22 and 23, 2025
  f.  Wait: April 24 and 25, 2025
  g.  Brennan: April 28 and 29, 2025
  h.  Amoroso: May 5 and 6, 2025
  i.  Estate of Hynes: May 12, 2025
  j.  Keefe: May 14 and 15, 2025
  k.  All other non-party deponents:  May 20 through 23, 2025.

Defendants' proposed schedule, as represented to Plaintiff on March 24, is as follows:

  a.  Plaintiff: April 24 and 25, 2025 (both days, 7 hours per day)
  b.  O'Mara: Between May 5 and 9, 2025 (one day only)
  c.  Brennan: Between May 19 and 23, 2025 (one day only)
  d.  Wait: Between June 4 and 10, 2025 (one day only) (unconfirmed)
  e.  Keefe: Between June 12 and 18, 2025 (one day only) (unconfirmed)
  f.  Defendant Carroll: Between June 23 and 27, 2025 (one day only)
  g.  Amoroso: Between July 9 and 16, 2025 (one day only)
  h.  Estate of Hynes: Between July 17 and 24, 2025 (one day only) (unconfirmed).

Plaintiff urges the Court to order depositions to transpire in his proposed sequence.  However, Plaintiff is willing to agree to Defendants' proposed sequence if the Court orders all depositions to go forward as a firm schedule with no exceptions (subject to preclusion or waiver upon cancellation and appropriate motion practice), and so long as non-parties ADA Carroll and Assemblymember Carroll (both previously subpoenaed) are deposed on dates between May 5-9 and 19-23, 2025, so long as they are deposed prior to Defendant Brennan and on dates when Defendants O'Mara and Brennan are not being deposed. Plaintiff would further reserve the right to move the Court to recall any defense witnesses whose testimony is taken before Defendant Carroll in the sequence.

Plaintiff's Counsel and their client have cleared their schedules.  They are available on the following dates for depositions: March 31; April 1, 3, 8-10, 21-25, 28-30; May 1, 5-7, 8-9 (non-party depositions only), 12-15, 19 (non-party depositions only), 20-23, 27-29; June 2-6, 9-12, 16-17, 23-27, 30; July 1-3, 7-16, 17-24.

*O'Hara v. City of New York, et al*, Case No.: 17-CV-4766 (LDH) (RML)
Letter in Response to the Court's Scheduling Order dated March 21, 2025
Page **4** of **4**

    4. **Non-Parties**: Despite insisting at the February 20, 2025 meet-and-confer that dates and sequencing for certain non-party witnesses needed to be included for the parties to agree, Defendants' 'joint response' to Plaintiff does not include deposition dates for previously subpoenaed non-parties. Plaintiff maintains the right to depose them, in-sequence or otherwise, as set forth above.

    5. **Responsiveness issues**: As set forth above, issues with responsiveness, including obfuscation, stonewalling, and delay tactics, continue, necessitating court intervention.

We respectfully request that the Court establish a deposition schedule that all parties must follow. Specifically, we continue to seek an order:

1. Extending the completion of all discovery to a **reasonable** timeline, with a 60-day agreed-upon extension, to June 1, 2025;
2. Setting a firm schedule and sequence for depositions within the discovery timeline;
3. Appropriately limiting all party depositions in accordance with Federal Rule of Civil Procedure 30(d)(1); and
4. Determining whether depositions will be conducted virtually or in person.

We thank the Court for its attention to this matter.

                    Very truly yours,

                    HINMAN, HOWARD & KATTELL, LLP

                    By:  _____
                          Jacob B. Sher, Esq.
                          Special Counsel

                    LAW OFFICE OF JEFFREY M. DESKOVIC, P.C.

                          /s/ *Jeffrey M. Deskovic*
                    By:  _____
                          Jeffrey M. Deskovic, Esq.

JBS/jbs

/encls.

cc:    All Counsel of Record
        *via ECF, with enclosures*

Enclosures

## Sher, Jacob B.

| | |
|---|---|
| **From:** | Viviano, Michael (LAW) <mviviano@law.nyc.gov> |
| **Sent:** | Monday, March 24, 2025 12:00 PM |
| **To:** | jeff; Sher, Jacob B. |
| **Cc:** | Asher Kest, Esq.; Thompson, James; Robinson, Amy (LAW); Corey M. Cohen, Esq,; Farber, Seth |
| **Subject:** | RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY) |

Moreover, Defendants maintain the position that Plaintiff's deposition would be taken over multiple days of seven hours, and that deponents located more than 50 miles from the courthouse will be taken remotely, and that Defendants will be deposed for a maximum of 7 hours.

---

**From:** Viviano, Michael (LAW)
**Sent:** Monday, March 24, 2025 11:53 AM
**To:** Jeffrey Deskovic <jeff@deskovic.org>; Sher, Jacob B. <jsher@hhk.com>
**Cc:** Asher Kest, Esq. <akest@fkblaw.com>; Thompson, James <James.Thompson@ag.ny.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Good afternoon Jeff,

At this point the defendants have prepared the following proposed schedule. I will note, that I have sent my clients the proposed dates as well, and I expect responses today. I can not confirm the response from AG and Mr. Kest's clients.

1. Plaintiff: April 24 and 25, 2025.
2. Defendant John O'Mara: May 5 - 9, 2025
3. Defendant James Brennan: May 19 - 23, 2025
4. Defendant Jeffrey Wait: June 4 - 10, 2025
5. Defendant John Keefe: June 12 - 18, 2025
6. Defendant John W. Carroll: June 23 - 27, 2025
7. Defendant Dino Amoroso: July 9 - 16, 2025
8. Defendant Estate of Charles J. Hynes: July 17 - 24, 2025

Thank you,

Michael Viviano

---

**From:** Jeffrey Deskovic <jeff@deskovic.org>
**Sent:** Monday, March 24, 2025 9:17 AM
**To:** Sher, Jacob B. <jsher@hhk.com>
**Cc:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Asher Kest, Esq. <akest@fkblaw.com>; Thompson, James <James.Thompson@ag.ny.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** Re: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Good Morning Defense Counsel,

Following Mr. Viviano's email on March 20th stating that defendants were conferring regarding availability and us hearing nothing, my co-counsel sent an email the next day at 11:36 AM asking how defense counsel wished to proceed. We still have not received a proposed deposition schedule. Magistrate Levy has ordered all of us to submit a joint proposed deposition schedule by 5 PM today. Please send us a proposed deposition schedule today.

Best,

Jeffrey Deskovic, Esq.

On Fri, Mar 21, 2025 at 11:36 AM Sher, Jacob B. <jsher@hhk.com> wrote:

Understood, thanks.  Please let us know how defense counsel wish to proceed.



**Jacob B. Sher**

*Special Counsel*

Hinman, Howard & Kattell, LLP

1025 Westchester Avenue, Suite 301

White Plains, NY 10604

Phone (914) 694-4102 | Fax: (914) 694-4510

Email:  jsher@hhk.com  | Web http://www.hhk.com

_____

This e-mail, including any attachments, may contain information that is protected by

law as privileged and confidential, and is transmitted for the sole use of the intended

recipient.  If you are not the intended recipient, you are hereby notified that any use,

dissemination, copying or retention of this e-mail or the information contained herein

is strictly prohibited.  If you have received this e-mail in error, please immediately

notify the sender by telephone or reply e-mail, and permanently delete this e-mail from

your computer system.  Thank you.

**From:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>
**Sent:** Thursday, March 20, 2025 1:47 PM
**To:** jeff <jeff@deskovic.org>; Asher Kest, Esq. <akest@fkblaw.com>

**Cc:** Sher, Jacob B. <jsher@hhk.com>; Thompson, James <James.Thompson@ag.ny.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)


Good afternoon,


Thank you. Defendants are conferring regarding our availability.


Best,


Michael

---

**From:** Jeffrey Deskovic <jeff@deskovic.org>
**Sent:** Thursday, March 20, 2025 10:31 AM
**To:** Asher Kest, Esq. <akest@fkblaw.com>
**Cc:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Sher, Jacob B. <jsher@hhk.com>; Thompson, James <James.Thompson@ag.ny.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** Re: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)


Good Morning Defense Counsels,


Far from "the parties thus far working together to resolve discovery disputes", the still ongoing problem of not being able to schedule depositions has stalled this case **since 2019**. If all defense counsel can show good faith through sending Plaintiff a proposed deposition schedule, then we will agree to a short adjournment. Without an agreement, our concern is that there will be more delays in deposition scheduling, and therefore we will press for judicial intervention so that our client can move towards finally getting his day in court.


Best,

Jeffrey Deskovic

On Wed, Mar 19, 2025 at 3:10 PM Asher Kest, Esq. <akest@fkblaw.com> wrote:

Jacob:

We disagree with your statements below completely. As you are relatively new to this case, we remind you that your client has taken many actions, including numerous motions, that have unduly delayed this case. We did not agree to or confirm this timetable for Plaintiff's deposition. Despite disagreements, the parties have thus far worked together to resolve discovery disputes - we would appreciate, and anticipate, your reciprocal good faith in scheduling depositions.

 Furman Kornfeld & Brennan LLP

**Asher Kest, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel:212-867-4100 Ext. 348
Fax:212-867-4118

akest@fkblaw.com
Bio | Linkedin
www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

**From:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>
**Sent:** Wednesday, March 19, 2025 2:33 PM
**To:** 'Sher, Jacob B.' <jsher@hhk.com>; Asher Kest, Esq. <akest@fkblaw.com>; Thompson, James <James.Thompson@ag.ny.gov>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; jeff <jeff@deskovic.org>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

[EXTERNAL] This email originated from outside of **FKB.** Do not click links or open attachments unless you trust the sender and know the content is safe.

Mr. Sher,

Unrelated, I have been unable to attain coverage for March 25 (I prevously stated I was unavailable), and I am also feeling under the weather as my wife has the stomach flu and the effects have already begun to affect me.

I am aware of your concerns, and respect your representation of your client, but honestly I believe we need this adjourned as it is evident that numerous defense counsel cannot make this deposition for at a minimum the 2 dates of march 24-25.

Moreover, there are two outstanding letters to the Court requesting extensions of times, and discussions pertaining to the deposition schedule. I am not trying to be difficult here.

Will you agree to an adjournment?

Michael Viviano

---

**From:** Sher, Jacob B. <jsher@hhk.com>
**Sent:** Wednesday, March 19, 2025 12:44 PM
**To:** Asher Kest, Esq. <akest@fkblaw.com>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Thompson, James <James.Thompson@ag.ny.gov>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; jeff <jeff@deskovic.org>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Mr. Kest:  I attest to the accuracy of every statement that you made during our meet-and-confers as set forth in my letter to the Court.

To contrast with your back-pedaling from statements you made, as articulated in that letter, I emphasize that your claim that no issues appear to have been resolved is patently false and refuted by documentation.  Consistent with my letter to all counsel dated February 21, 2025, and subsequent correspondence with the Court and counsel, the attorneys representing both of your co-defendants have indicated their commitment to take my client's deposition beginning on March 24, 2025, and have not disagreed that the parties agreed his deposition would commence on that date.

I tried to be collegial and flexible.  But you cannot paralyze my client's case by ignoring correspondence for almost three weeks.  You did not even extend the basic professional courtesy of sending a message relating that you had received my correspondence, were busy, and planned to respond.

My client has now waited years for this federal civil litigation to progress.  It continues to languish, Kafkaesque, in discovery, pushed off and adjourned almost endlessly.  While prior attorneys on the case certainly filed discovery applications, they were within their rights to do so.  That said, those applications cannot possibly account for a nearly eight-year litigation quagmire.

Depositions must commence.  My client and I are prepared for his deposition on March 24.  It is beyond denial that commencement of his deposition on March 24 has been and agreed to in principle for well over a month at this point.  Moreover, I specifically notified all counsel on March 4 that his deposition would proceed on March 24 (see below).  Further, counsel for your co-defendants indicated that they are ready to proceed on that date while you ignored my correspondence.  Based on these facts, any suggestion that you did not know you needed to reserve March 24 for my client's deposition is dubious.  The open questions are how many days my client's deposition will continue and whether it will be virtual or in-person.  Neither prevented the parties from marking their calendars.  If you did not clear your schedule for my client's deposition based on our meet-and-confers and my correspondence—as I did with mine and counsel for your co-defendants did with theirs—that is not my client's problem.  The parties and their respective counsel have had years to prepare for my client's deposition, and there is a transcript from a 50-h hearing held in 2017 that counsel can reference for asked-and-answered questions.  Since you chose to ignore continued correspondence for weeks without extending even the courtesy of a placeholder response, my client's position is that you are welcome to send one of the 37 attorneys from your firm's office (such as the partner assigned to the case), or outside counsel, if you are not available.  Perhaps one of your co-Defendants can begin questioning my client while you find time to make yourself available and another attorney covers for you.

Furthermore, if you or your client are truly concerned about mounting legal bills, you (along with counsel for all defendants) are always welcome to arrange a meeting to discuss the merits of the case.  This matter is not going away.  It cannot languish in discovery any longer.  I suggest you either prepare for depositions or come up with an offer that my client will actually consider that is commensurate with proper consequences for a politically-motivated prosecution that consumed his life for over two decades before he was exonerated by a District Attorney's Office which recognized it had an obligation to set right my client's conviction, which, in the words of ADA Mark Hale, was "obtained by evidence which was incomplete, false or misleading."  ADA Hale further represented—correctly and with ethical acumen—that "justice would not be served by going forward" with my client's prosecution.  While the prosecutor's admission here came over 20 years late, it is never too late for a candid discussion regarding mutually beneficial resolution, assuming it is grounded in a reasonable case assessment.

In August, my client will have waited eight years for the adjudication of his civil claim.  Is it your client's continued preference to stand in the way, and yours to ignore his attorney's diligent attempts to meet and confer for that purpose?  If so, we must move forward.

I have copied incoming co-Counsel, Jeffrey Deskovic, Esq., on our e-mail chain; please include him in all further discussions regarding this matter.


Best regards,




**Jacob B. Sher**

*Special Counsel*

Hinman, Howard & Kattell, LLP

1025 Westchester Avenue, Suite 301

White Plains, NY 10604

Phone (914) 694-4102 | Fax: (914) 694-4510

Email:  jsher@hhk.com  | Web http://www.hhk.com

_____

This e-mail, including any attachments, may contain information that is protected by

law as privileged and confidential, and is transmitted for the sole use of the intended

recipient.  If you are not the intended recipient, you are hereby notified that any use,

dissemination, copying or retention of this e-mail or the information contained herein

is strictly prohibited.  If you have received this e-mail in error, please immediately

notify the sender by telephone or reply e-mail, and permanently delete this e-mail from

your computer system.  Thank you.


**From:** Asher Kest, Esq. <akest@fkblaw.com>
**Sent:** Wednesday, March 19, 2025 9:27 AM
**To:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Thompson, James <James.Thompson@ag.ny.gov>; Sher, Jacob B. <jsher@hhk.com>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

My apologies for delay in response, I have been inundated with other matters. I am not available for depositions until at least April. Moreover, it does not appear as though any of the issues have been resolved.

Jacob I take issue with mis-representations of my statements during the meet and confer in your letter filing. That aside, while you may be new to the case, you should know that it is your client who has prevaricated with endless motions for discovery, requests for documents from parties and non-parties, and requests for adjournments, to my explicit protest time and again – my client is the only one paying legal bills here.



**Asher Kest, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel:212-867-4100 Ext. 348
Fax:212-867-4118

akest@fkblaw.com
Bio | Linkedin
www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

**From:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>
**Sent:** Monday, March 10, 2025 2:11 PM
**To:** Thompson, James <James.Thompson@ag.ny.gov>; Sher, Jacob B. <jsher@hhk.com>; Asher Kest, Esq. <akest@fkblaw.com>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

> **[EXTERNAL]** This email originated from outside of **FKB**. Do not click links or open attachments unless you trust the sender and know the content is safe.

Good afternoon,

City Defendants further believe a conference is required. Moreover, I am available March 23, and I am attempting to have coverage appear for the 24th.

Thank you,

Michael Viviano

**From:** Thompson, James <James.Thompson@ag.ny.gov>
**Sent:** Monday, March 10, 2025 2:06 PM
**To:** Sher, Jacob B. <jsher@hhk.com>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Asher Kest, Esq. <akest@fkblaw.com>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Hi Jacob,

Thanks for suggesting deposition dates for your client. On behalf of the State Defendants only, we are available on those days. With respect to the remaining issues, we agree that a conference with the Court would be appropriate.

Best,

James



**James M. Thompson | Special Counsel for Second Amendment Litigation**

New York State Office of the Attorney General, Division of State Counsel

28 Liberty Street, 18th Floor | New York, NY 10005

Tel: (212) 416-6556 | James.Thompson@ag.ny.gov

**From:** Sher, Jacob B. <jsher@hhk.com>
**Sent:** Monday, March 10, 2025 10:34 AM
**To:** Thompson, James <James.Thompson@ag.ny.gov>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Asher Kest, Esq. <akest@fkblaw.com>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Good morning,

It has now been well over a week since I have heard from anyone.  It is now apparent that communication has broken down.  As stated, our client is available for a virtual deposition on Monday, March 24 and Tuesday, March 25.   No one has responded.

My client has been waiting for his case to be heard by the Court for years, and it's becoming apparent that the strategy is to deny him his rights by delaying his case.

I will give you one last opportunity for a meet-and-confer.  If I do not hear from anyone by 4:00 p.m. this afternoon, I will have to write the Court at this point.

Thanks,



**Jacob B. Sher**

*Special Counsel*

Hinman, Howard & Kattell, LLP

1025 Westchester Avenue, Suite 301

White Plains, NY 10604

Phone (914) 694-4102 | Fax: (914) 694-4510

Email:  jsher@hhk.com  | Web http://www.hhk.com

_____

This e-mail, including any attachments, may contain information that is protected by

law as privileged and confidential, and is transmitted for the sole use of the intended

recipient.  If you are not the intended recipient, you are hereby notified that any use,

dissemination, copying or retention of this e-mail or the information contained herein

is strictly prohibited.  If you have received this e-mail in error, please immediately

notify the sender by telephone or reply e-mail, and permanently delete this e-mail from

your computer system.  Thank you.

---

**From:** Sher, Jacob B.
**Sent:** Tuesday, March 4, 2025 2:18 PM
**To:** Thompson, James <James.Thompson@ag.ny.gov>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Asher Kest, Esq. <akest@fkblaw.com>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)


Good afternoon,


If there is no response, and our discovery conference will not be rescheduled, we will proceed with depositions.  My client's virtual deposition will be held Monday, March 24 and Tuesday, March 25 at 10:00 a.m., since we have agreed that he will be deposed for at least two days during that date range.  A link will follow by next week.


Best regards,




**Jacob B. Sher**

*Special Counsel*

Hinman, Howard & Kattell, LLP

1025 Westchester Avenue, Suite 301

White Plains, NY 10604

Phone (914) 694-4102 | Fax: (914) 694-4510

Email: jsher@hhk.com | Web http://www.hhk.com

_____

This e-mail, including any attachments, may contain information that is protected by

law as privileged and confidential, and is transmitted for the sole use of the intended

recipient.  If you are not the intended recipient, you are hereby notified that any use,

dissemination, copying or retention of this e-mail or the information contained herein

is strictly prohibited.  If you have received this e-mail in error, please immediately

notify the sender by telephone or reply e-mail, and permanently delete this e-mail from

your computer system.  Thank you.

---

**From:** Sher, Jacob B.
**Sent:** Monday, March 3, 2025 2:23 PM
**To:** Thompson, James <James.Thompson@ag.ny.gov>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Asher Kest, Esq. <akest@fkblaw.com>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Good afternoon Counsel,

Following up on the e-mail correspondence below.  Thanks.

Best regards,



**Jacob B. Sher**

*Special Counsel*

Hinman, Howard & Kattell, LLP

1025 Westchester Avenue, Suite 301

White Plains, NY 10604

Phone (914) 694-4102 | Fax: (914) 694-4510

Email: jsher@hhk.com | Web http://www.hhk.com

_____

This e-mail, including any attachments, may contain information that is protected by

law as privileged and confidential, and is transmitted for the sole use of the intended

recipient. If you are not the intended recipient, you are hereby notified that any use,

dissemination, copying or retention of this e-mail or the information contained herein

is strictly prohibited. If you have received this e-mail in error, please immediately

notify the sender by telephone or reply e-mail, and permanently delete this e-mail from

your computer system. Thank you.

**From:** Sher, Jacob B.
**Sent:** Sunday, March 2, 2025 4:35 PM
**To:** 'Thompson, James' <James.Thompson@ag.ny.gov>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Asher Kest, Esq. <akest@fkblaw.com>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Dear James,

Thank you for your response. I appreciate your clarification regarding your position on the depositions.

To respond to your points:

1. **Multiple-day depositions:** As should be clear from our letter, when we discussed date ranges for depositions, we understood this to mean multiple days would be allotted, not that we were merely checking availability within that range for a single day. This is consistent with how the plaintiff's deposition is being handled: Over multiple days with reduced hours per day.

2. **Defendants' new demand for testimony to be reduced to 7 hours each:** If defendants' collective position has now changed—and each intends to seek to only be produced for one 7-hour day for questioning by the plaintiff—we should apply an equitable standard to all parties if we cannot agree to the terms set forth in plaintiff's letter.  If that is the case, since plaintiff provided testimony during the 50-h hearing, it is equitable to limit his deposition to two 6-hour days.

3. **Joint letter to the Court:** Given our disagreement on this fundamental issue—and since the old letter's content is now stale—I suggest we move forward with filing a revised joint letter along the same lines requesting the 60-day extension as already agreed upon, since, at a minimum, we all seem to agree on that point.

4. **Previously-promised schedule proposal:** We still have not received the defendants' proposed joint deposition schedule, as discussed during our previous conferences. Without this, it remains difficult to make meaningful progress. Could you please provide this at your earliest convenience, and include the proposed number of actual days/hours each party would be deposed?

I remain available to discuss these matters by phone on Monday so we can at least move forward with my client's deposition, along with that of John O'Mara.  Please state your preference so we can move forward with this case.

Best regards,



**Jacob B. Sher**

*Special Counsel*

Hinman, Howard & Kattell, LLP

1025 Westchester Avenue, Suite 301

White Plains, NY 10604

Phone (914) 694-4102 | Fax: (914) 694-4510

Email:  jsher@hhk.com  | Web http://www.hhk.com

_____

This e-mail, including any attachments, may contain information that is protected by

law as privileged and confidential, and is transmitted for the sole use of the intended

14

recipient.  If you are not the intended recipient, you are hereby notified that any use,

dissemination, copying or retention of this e-mail or the information contained herein

is strictly prohibited.  If you have received this e-mail in error, please immediately

notify the sender by telephone or reply e-mail, and permanently delete this e-mail from

your computer system.  Thank you.

---

**From:** Thompson, James <James.Thompson@ag.ny.gov>
**Sent:** Friday, February 28, 2025 1:42 PM
**To:** Sher, Jacob B. <jsher@hhk.com>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Asher Kest, Esq. <akest@fkblaw.com>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)


Hi Jacob,


To be clear, no one on the defense side of the "v." has ever consented to any defendant being deposed for multiple days.  When the parties discussed date ranges, what was contemplated was that we would check our clients' schedules to find an aggregable single day within that range, not that each client would be deposed for *every* day during that range.  Our position is the same as the City's – we will produce each State Defendant for one day of seven hours, as contemplated by the Federal Rules.  If you want more than that, you will need to make an application to the Court.


Counsel for all parties previously discussed the Plaintiff's deposition at a conference with the Court last Spring, and my recollection is that all counsel (including Mr. Kelly) agreed that the Plaintiff's deposition would take more than one day, and that Judge Levy agreed.  Again, you are looking to take ten depositions and we are jointly taking one; there are eight people and three sets of counsel on our side of the "v." and only one on yours.  The request to take the Plaintiff's deposition over multiple days is entirely reasonable; if you want to streamline the issues to be discussed at the Plaintiff's deposition, this would be an appropriate time to discontinue against some of the defendants.


We are happy to confer with you and all counsel either today or on Monday, but neither of the above positions will change.  We are also happy to discuss all this at a conference with Judge Levy.  Let us know what you'd like to do.


Best,

James



**James M. Thompson | Special Counsel for Second Amendment Litigation**

New York State Office of the Attorney General, Division of State Counsel

28 Liberty Street, 18th Floor | New York, NY 10005

Tel: (212) 416-6556 | James.Thompson@ag.ny.gov

---

**From:** Sher, Jacob B. <jsher@hhk.com>
**Sent:** Friday, February 28, 2025 1:16 PM
**To:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Asher Kest, Esq. <akest@fkblaw.com>; Thompson, James <James.Thompson@ag.ny.gov>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Thank you, Michael.

Appreciate your position, but if you are going to insist upon it, my client cannot be deposed for five days. Defense counsel previously represented that they had been generally in agreement with the terms of the last proposed deposition schedule; it now seems that we are fully renegotiating it. We would likewise, then, hold all defendants to seven hours for our client, with more time allotted only to the extent it proves absolutely necessary. Recall, my client's testimony has already been taken with respect to this matter pursuant to GML Section 50-h.

Note, further, that Defendants were supposed to confer among themselves and supply their proposed joint schedule to Plaintiff for review. As of today, this still is not received. Since we do not yet have that proposed schedule, as promised by Defendants' counsel during our last joint telephone conference, we must question how we can consider these conferences regarding discovery to be taking place in good faith. It seems like Defendants may not actually want to proceed with depositions and would simply prefer to continue to delay discovery. Is this the case? If not, how can we receive reasonable assurances that conferences regarding discovery are being conducted diligently and in good faith by all parties?

Regardless, the draft joint letter did not include any of those terms; it merely extended discovery by 60 days. How, then, are you disagreeing and decline to sign at this point?

Thanks, and please do not hesitate to reach out to me directly with any questions or concerns.


Best regards,




**Jacob B. Sher**

*Special Counsel*

Hinman, Howard & Kattell, LLP

1025 Westchester Avenue, Suite 301

White Plains, NY 10604

Phone (914) 694-4102 | Fax: (914) 694-4510

Email: jsher@hhk.com | Web http://www.hhk.com


_____

This e-mail, including any attachments, may contain information that is protected by

law as privileged and confidential, and is transmitted for the sole use of the intended

recipient.  If you are not the intended recipient, you are hereby notified that any use,

dissemination, copying or retention of this e-mail or the information contained herein

is strictly prohibited.  If you have received this e-mail in error, please immediately

notify the sender by telephone or reply e-mail, and permanently delete this e-mail from

your computer system.  Thank you.

**From:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>
**Sent:** Friday, February 28, 2025 12:21 PM
**To:** Sher, Jacob B. <jsher@hhk.com>; Asher Kest, Esq. <akest@fkblaw.com>; Thompson, James <James.Thompson@ag.ny.gov>
**Cc:** Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** Re: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (SDNY)

Hi Jacob, I am not in agreement with category B regarding my client Omara. He can be deposed by plaintiff for 7 hours and if more time is required you are more than welcome to write to the Court. I believe I offered time to defendants for their own examination, as I expected yours to take the day.

I can certainly make myself available Monday to further confer, or agree that a majority of these issues should be presented to the Court via a conference. However, I cannot sign it as it is written now.

Michael Viviano

---

**From:** Sher, Jacob B. <jsher@hhk.com>
**Sent:** Thursday, February 27, 2025 4:41 PM
**To:** Asher Kest, Esq. <akest@fkblaw.com>; Thompson, James <James.Thompson@ag.ny.gov>
**Cc:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (SDNY)

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

Received.  Thanks, Asher.  Once we have a signed copy of the letter from the City (or permission to sign on their behalf), we will file it.

Seems like the deposition is likely to pull attention away from our telephone conference.  Perhaps if we can have a written counterproposal from the defendants to review tomorrow (as we discussed could be possible during our last conference), we can reschedule for Monday morning, if all are amenable?  I am available between 9:00 a.m. and noon.

Best regards,

Jake

**Jacob B. Sher**

*Special Counsel*

Hinman, Howard & Kattell, LLP

1025 Westchester Avenue, Suite 301

White Plains, NY 10604

Phone (914) 694-4102 | Fax: (914) 694-4510

Email: jsher@hhk.com | Web http://www.hhk.com

_____

This e-mail, including any attachments, may contain information that is protected by

law as privileged and confidential, and is transmitted for the sole use of the intended

recipient.  If you are not the intended recipient, you are hereby notified that any use,

dissemination, copying or retention of this e-mail or the information contained herein

is strictly prohibited.  If you have received this e-mail in error, please immediately

notify the sender by telephone or reply e-mail, and permanently delete this e-mail from

your computer system.  Thank you.

**From:** Asher Kest, Esq. <akest@fkblaw.com>
**Sent:** Thursday, February 27, 2025 12:15 PM
**To:** Sher, Jacob B. <jsher@hhk.com>; Thompson, James <James.Thompson@ag.ny.gov>
**Cc:** mviviano@law.nyc.gov; arobinso@law.nyc.gov; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth
<Seth.Farber@ag.ny.gov>
**Subject:** RE: O'Hara v. City of New York, No. 17 Civ. 4766 (SDNY)

Jacob:

Attached is my signature as well.

I need to note that I have had to step in for a deposition tomorrow at the last minute on one of my cases, and while I probably will be done by 4.15, I may not be. Rescheduling might be best but know we have had scheduling issues. If we keep the call shorter this time I can probably take a break from the depo.

However, perhaps it makes sense to ask the court for a conference in the letter motion instead/in addition? While it seems that we can work out some of the issues in your letter, there are some that may require the court's guidance.

B and D do not appear to be an issue, at least to us; we will not agree to change Carroll's deposition order except to move him farther back. Similarly, there does not seem to be an issue with an agreement to schedule parties and non parties alike.

However, for A and C, it does not appear that the parties are on the same page, and the magistrate may be able to more readily resolve these sticking points.

Best Regards,

Asher



**Asher Kest, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel:212-867-4100 Ext. 348
Fax:212-867-4118

akest@fkblaw.com
Bio | Linkedin
www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

**From:** Sher, Jacob B. <jsher@hhk.com>
**Sent:** Thursday, February 27, 2025 11:55 AM
**To:** Thompson, James <James.Thompson@ag.ny.gov>
**Cc:** Asher Kest, Esq. <akest@fkblaw.com>; mviviano@law.nyc.gov; arobinso@law.nyc.gov; Corey M. Cohen, Esq,

<ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: O'Hara v. City of New York, No. 17 Civ. 4766 (SDNY)

**[EXTERNAL]** This email originated from outside of **FKB.** Do not click links or open attachments unless you trust the sender and know the content is safe.

Thank you, James.  This is received.

For convenience, should the parties consent to service by e-mail moving forward, we will be happy to do the same.

Would like signatures from the other parties for this discovery matter—major or minor—as we have only recently noticed representation in this case.

That said, if the other parties consent in writing to have us sign for them, we will do so and file the joint letter.

We can discuss this and other issues tomorrow during our telephone conference.

Best regards,



**Jacob B. Sher**

*Special Counsel*

Hinman, Howard & Kattell, LLP

1025 Westchester Avenue, Suite 301

White Plains, NY 10604

Phone (914) 694-4102 | Fax: (914) 694-4510

Email:  jsher@hhk.com  | Web http://www.hhk.com

_____

This e-mail, including any attachments, may contain information that is protected by

law as privileged and confidential, and is transmitted for the sole use of the intended

recipient.  If you are not the intended recipient, you are hereby notified that any use,

dissemination, copying or retention of this e-mail or the information contained herein

is strictly prohibited.  If you have received this e-mail in error, please immediately

notify the sender by telephone or reply e-mail, and permanently delete this e-mail from

your computer system.  Thank you.

**From:** Thompson, James <James.Thompson@ag.ny.gov>
**Sent:** Wednesday, February 26, 2025 7:55 PM
**To:** Sher, Jacob B. <jsher@hhk.com>
**Cc:** Asher Kest, Esq. <akest@fkblaw.com>; mviviano@law.nyc.gov; arobinso@law.nyc.gov; 'Corey M. Cohen, Esq.' <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** O'Hara v. City of New York, No. 17 Civ. 4766 (SDNY)

**Caution:** This email was sent from the external user james.thompson@ag.ny.gov. Please take care when clicking links or opening attachments. When in doubt, contact Tech Support.

Hi Jacob,

We just received your hard-copy letter concerning last week's meet-and-confer, along with the draft joint letter requesting an extension of discovery.  Going forward, we would recommend conducting this kind of correspondence by email – it's easier, faster, makes for better recordkeeping, and prevents the risk of a letter being lost in the shuffle of papers before it ever gets to the recipient.  Similarly, there's probably no need to get individual signatures for this kind of agreement (we usually only do that for settlement agreements or something similarly major), but a copy of my signature is attached nonetheless.  Let me know if you need anything else.

Best,

James



**James M. Thompson | Special Counsel for Second Amendment Litigation**

New York State Office of the Attorney General, Division of State Counsel

28 Liberty Street, 18th Floor | New York, NY 10005

Tel: (212) 416-6556 | James.Thompson@ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

**Disclaimer**

ALERT: Beware of WIRE FRAUD. Do not wire funds based upon email instructions. Email hacking is on the rise to fraudulently misdirect funds. Before wiring us any money, always call our office to verbally verify our wiring instructions.

--

***The Foundation is looking for 25,000 people who believe sacrificing $3 every month via a recurring donation in order to help free innocent people and prevent wrongful convictions. Please see https://www.patreon.com/Deskovic to donate and for details on exactly how the money would be spent. If you feel comfortable, please encourage others to do so via social media and other means. If the company you work for donates to non-profits, we would appreciate if you could suggest that they consider us.

Note: We are a 501(c)(3)***

--

***The Foundation is looking for 25,000 people who believe sacrificing $3 every month via a recurring donation in order to help free innocent people and prevent wrongful convictions. Please see https://www.patreon.com/Deskovic to donate and for details on exactly how the money would be spent. If you feel comfortable, please encourage others to do so via social media and other means. If the company you work for donates to non-profits, we would appreciate if you could suggest that they consider us.

Note: We are a 501(c)(3)***

## Sher, Jacob B.

| | |
|---|---|
| **From:** | Sher, Jacob B. |
| **Sent:** | Monday, March 24, 2025 5:43 PM |
| **To:** | Viviano, Michael (LAW); Thompson, James; Asher Kest, Esq.; Farber, Seth; jeff; Robinson, Amy (LAW); Corey M. Cohen, Esq, |
| **Subject:** | RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY) |

Received.  Thanks, Mr. Viviano.



**Jacob B. Sher**
*Special Counsel*
Hinman, Howard & Kattell, LLP
1025 Westchester Avenue, Suite 301
White Plains, NY 10604
Phone (914) 694-4102 | Fax: (914) 694-4510
Email:  jsher@hhk.com | Web http://www.hhk.com

This e-mail, including any attachments, may contain information that is protected by law as privileged and confidential, and is transmitted for the sole use of the intended recipient.  If you are not the intended recipient, you are hereby notified that any use, dissemination, copying or retention of this e-mail or the information contained herein is strictly prohibited.  If you have received this e-mail in error, please immediately notify the sender by telephone or reply e-mail, and permanently delete this e-mail from your computer system.  Thank you.

**From:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>
**Sent:** Monday, March 24, 2025 5:42 PM
**To:** Sher, Jacob B. <jsher@hhk.com>; Thompson, James <James.Thompson@ag.ny.gov>; Asher Kest, Esq. <akest@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; jeff <jeff@deskovic.org>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>
**Subject:** Re: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)


Jacob, I'd like to mention I spoke to Ms. Hynes, briefly just now, and I will speak to her again later this week. From my understanding it is a physical rehabilitation facility.  she appeared  completely competent and cognizant.


Mike

**From:** Sher, Jacob B. <jsher@hhk.com>
**Sent:** Monday, March 24, 2025 5:25 PM
**To:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Thompson, James <James.Thompson@ag.ny.gov>; Asher Kest, Esq. <akest@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; jeff <jeff@deskovic.org>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Counsel:  Thank you for attending the telephone meet-and-confer, held pursuant to the Court's Order, which completed a few minutes ago.

The following issues remain in dispute:

1. Defendants want to depose Plaintiff, along with Defendants within 50 miles of the Courthouse, in person; Plaintiff wants all depositions to be virtual.
2. Defendants want to depose Plaintiff for two days, seven hours per day, but want their clients deposed for seven hours each. Plaintiff is willing to be deposed for two days, seven hours per day, but expects the same number of days/hours for each defendant.
3. Defendants suggest their proposed sequence; Plaintiff would be willing to agree to the sequence in principle, so long as non-parties Representative Carroll and ADA Carroll are deposed prior to commencement of Defendant Brennan's deposition, on dates on or about and between May 5-9, 2025 and May 19-23, 2025 (on dates when Defendants O'Mara and Brennan are not being deposed and all counsel have represented they are available). Under this schedule sequence, we would specifically reserve the right to move the Court to recall any witnesses whose testimony is taken **before** that of Defendant Carroll.
4. City and State Defendants cannot represent that Defendants Wait (initial proposed dates 6/4-6/10), Keefe (6/12-6/18), and Estate of Hynes (7/17-7/24) are necessarily available on the previously-proposed dates in question: Defendant Wait, a sitting judge, may be on the bench, but State Defendants indicate they will work in good faith to produce him during his suggested time frame. Defendant Keefe has not yet confirmed whether he is available during his suggested time frame. Further, Counsel for the City Defendants has represented that the Executor/Administrator for Estate of Hynes is in a nursing home, and may have been there for at least the past three months (or perhaps as long as a year), and there is a question as to whether she may be competent to testify. This is the first time that this issue with respect to the Estate Defendant has come up.

We will write the Court to indicate these areas of continued dispute and our efforts to resolve them, in line with the foregoing information.

Thank you for your time and attention with respect to this matter. Should there be any questions or concerns, please do not hesitate



**Jacob B. Sher**
*Special Counsel*
Hinman, Howard & Kattell, LLP
1025 Westchester Avenue, Suite 301
White Plains, NY 10604
Phone (914) 694-4102 | Fax: (914) 694-4510
Email: jsher@hhk.com | Web http://www.hhk.com

This e-mail, including any attachments, may contain information that is protected by law as privileged and confidential, and is transmitted for the sole use of the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying or retention of this e-mail or the information contained herein is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by telephone or reply e-mail, and permanently delete this e-mail from your computer system. Thank you.

**From:** Sher, Jacob B.
**Sent:** Monday, March 24, 2025 4:05 PM
**To:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Thompson, James <James.Thompson@ag.ny.gov>; Asher Kest, Esq. <akest@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; jeff <jeff@deskovic.org>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

Thank you, Counsel.

Details follow for a 4:15 p.m. Conference Call:

Dial-in Number:
+12063314836

PIN:
072-6667#

Best regards,



**Jacob B. Sher**
*Special Counsel*
Hinman, Howard & Kattell, LLP
1025 Westchester Avenue, Suite 301
White Plains, NY 10604
Phone (914) 694-4102 | Fax: (914) 694-4510
Email: jsher@hhk.com | Web http://www.hhk.com

This e-mail, including any attachments, may contain information that is protected by law as privileged and confidential, and is transmitted for the sole use of the intended recipient.  If you are not the intended recipient, you are hereby notified that any use, dissemination, copying or retention of this e-mail or the information contained herein is strictly prohibited.  If you have received this e-mail in error, please immediately notify the sender by telephone or reply e-mail, and permanently delete this e-mail from your computer system.  Thank you.

**From:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>
**Sent:** Monday, March 24, 2025 4:03 PM
**To:** Thompson, James <James.Thompson@ag.ny.gov>; Asher Kest, Esq. <akest@fkblaw.com>; Sher, Jacob B. <jsher@hhk.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; jeff <jeff@deskovic.org>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq <ccohen@fkblaw.com>
**Subject:** RE: [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

I am available now, but not available after 5 as I need to pick up my kids.

**From:** Thompson, James <James.Thompson@ag.ny.gov>
**Sent:** Monday, March 24, 2025 3:58 PM
**To:** Asher Kest, Esq. <akest@fkblaw.com>; Sher, Jacob B. <jsher@hhk.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; jeff <jeff@deskovic.org>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq <ccohen@fkblaw.com>
**Subject:** [EXTERNAL] RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

Seth and I are available to get on a call anytime before the evening.

Best,

3

James



**James M. Thompson | Special Counsel for Second Amendment Litigation**
New York State Office of the Attorney General, Division of State Counsel
28 Liberty Street, 18th Floor | New York, NY 10005
Tel: (212) 416-6556 | James.Thompson@ag.ny.gov

---

**From:** Asher Kest, Esq. <akest@fkblaw.com>
**Sent:** Monday, March 24, 2025 3:55 PM
**To:** Sher, Jacob B. <jsher@hhk.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; Jeffrey Deskovic <jeff@deskovic.org>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Thompson, James <James.Thompson@ag.ny.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>
**Subject:** RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

I am free until 5.

As far as expert information and reports, we are entitled to that regardless, especially if you are contending that our clients have fabricated discovery.



**Asher Kest, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel:212-867-4100 Ext. 348
Fax:212-867-4118

akest@fkblaw.com
Bio | Linkedin
www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

**From:** Sher, Jacob B. <jsher@hhk.com>
**Sent:** Monday, March 24, 2025 3:51 PM
**To:** Asher Kest, Esq. <akest@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; Jeffrey Deskovic <jeff@deskovic.org>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Thompson, James <James.Thompson@ag.ny.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>
**Subject:** RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

[EXTERNAL] This email originated from outside of **FKB.** Do not click links or open attachments unless you trust the sender and know the content is safe.

If all parties remain open to discussion, we can schedule a conference call before 5:00 p.m. in a final attempt to diligently confer. Counsel for all parties, please indicate whether you are available, and we will circulate.

Mr. Kest:  To your separate request, we are not aware of any such assurances.  Please forward any written correspondence in which they were made by prior counsel for our review.



**Jacob B. Sher**
*Special Counsel*
Hinman, Howard & Kattell, LLP
1025 Westchester Avenue, Suite 301
White Plains, NY 10604
Phone (914) 694-4102 | Fax: (914) 694-4510
Email:  jsher@hhk.com  | Web http://www.hhk.com

_____

This e-mail, including any attachments, may contain information that is protected by law as privileged and confidential, and is transmitted for the sole use of the intended recipient.  If you are not the intended recipient, you are hereby notified that any use, dissemination, copying or retention of this e-mail or the information contained herein is strictly prohibited.  If you have received this e-mail in error, please immediately notify the sender by telephone or reply e-mail, and permanently delete this e-mail from your computer system.  Thank you.

---

**From:** Asher Kest, Esq. <akest@fkblaw.com>
**Sent:** Monday, March 24, 2025 3:44 PM
**To:** Sher, Jacob B. <jsher@hhk.com>; Farber, Seth <Seth.Farber@ag.ny.gov>; Jeffrey Deskovic <jeff@deskovic.org>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Thompson, James <James.Thompson@ag.ny.gov>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>
**Subject:** RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

I am not sure what response you need from us on behalf of Carroll in particular, but we are open to discussion. We are proposing the below dates along with the other defendants.

On a separate note, prior counsel for Plaintiff had assured that he would provide all expert reports and information concerning the supposed fabricated emails. Please send that over when you have a chance.

Best Regards,
Asher



**Asher Kest, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel:212-867-4100 Ext. 348
Fax:212-867-4118

akest@fkblaw.com
Bio | Linkedin
www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

**From:** Sher, Jacob B. <jsher@hhk.com>
**Sent:** Monday, March 24, 2025 3:31 PM
**To:** Farber, Seth <Seth.Farber@ag.ny.gov>; Jeffrey Deskovic <jeff@deskovic.org>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Thompson, James <James.Thompson@ag.ny.gov>; Asher Kest, Esq. <akest@fkblaw.com>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>
**Subject:** RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

> [EXTERNAL] This email originated from outside of **FKB.** Do not click links or open attachments unless you trust the sender and know the content is safe.

There is still no response from Counsel for Attorney Carroll, nor any indication whether the Defendants themselves are even available on the proposed dates.

Per the Court's Order, we remain available to confer regarding discovery until 5:00 p.m.  We are available by e-mail or telephone to discuss.



**Jacob B. Sher**
*Special Counsel*
Hinman, Howard & Kattell, LLP
1025 Westchester Avenue, Suite 301
White Plains, NY 10604
Phone (914) 694-4102 | Fax: (914) 694-4510
Email: jsher@hhk.com | Web http://www.hhk.com

———————————————————————————

This e-mail, including any attachments, may contain information that is protected by law as privileged and confidential, and is transmitted for the sole use of the intended recipient.  If you are not the intended recipient, you are hereby notified that any use, dissemination, copying or retention of this e-mail or the information contained herein is strictly prohibited.  If you have received this e-mail in error, please immediately notify the sender by telephone or reply e-mail, and permanently delete this e-mail from your computer system.  Thank you.

**From:** Farber, Seth <Seth.Farber@ag.ny.gov>
**Sent:** Monday, March 24, 2025 3:26 PM
**To:** Jeffrey Deskovic <jeff@deskovic.org>; Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Sher, Jacob B. <jsher@hhk.com>; Thompson, James <James.Thompson@ag.ny.gov>; Asher Kest, Esq. <akest@fkblaw.com>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>
**Subject:** RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

> **Caution:** This email was sent from the external user seth.farber@ag.ny.gov. Please take care when clicking links or opening attachments. When in doubt, contact Tech Support.

Hi Jeff,

Thank you for your email. At this point, given time constraints, rather than a joint letter, we believe it would be more productive if the plaintiff and the defendants each submitted our own proposed schedule to the Court, as suggested by Judge Levy's Order.

Best,

Seth


Seth Farber
Special Litigation Counsel
Office of the New York State Attorney General
State Counsel | Litigation Bureau
28 Liberty Street
New York  NY 10005
212-416-8029
Seth.Farber@ag.ny.gov

---

**From:** Jeffrey Deskovic <jeff@deskovic.org>
**Sent:** Monday, March 24, 2025 2:08 PM
**To:** Viviano, Michael (LAW) <mviviano@law.nyc.gov>; Pace Jake Barnett Sher <jsher@hhk.com>; Thompson, James <James.Thompson@ag.ny.gov>; Asher Kest, Esq. <akest@fkblaw.com>; Robinson, Amy (LAW) <arobinso@law.nyc.gov>; Corey M. Cohen, Esq, <ccohen@fkblaw.com>; Farber, Seth <Seth.Farber@ag.ny.gov>
**Subject:** RE: O'Hara v. City of New York, No. 17 Civ. 4766 (EDNY)

**[EXTERNAL]**

Good Afternoon Defense Counsel,

Initially, we ask for written confirmation that this is a shared position, and that defense counsel's availability can be confirmed.  Any proposed schedule without the defendants confirming that they are available on those dates—and without Mr. Kest or the Attorney General's Office confirming those dates work for them and their clients—is no schedule at all.  Further, we note that despite the parties' prior stated position that non-parties' depositions needed to be included in the sequence, they are absent from the sequence you have supplied here.

Plaintiff wishes equity. If our client is going to be deposed for two days and for seven hours each day, then it's only fair that each defendant will be deposed for two days, seven hours each day. If Plaintiff will be deposed in person, then we want the other depositions to be in person as well. Next, a deposition schedule which starts April 24th and stretches all the way out to July 24th, is too long. We also note that the date ranges for the deponents are unclear.  Is each deponent proposing to have their deposition taken for only one of the listed dates in the date range?  If so, it would stand to reason that we could handle more than one deponent per week.  It is also unclear who lives within 50 miles of the courthouse, and who lives outside of that 50 mile radius.  Moreover, we cannot agree to the proposed deposition sequence unless we are permitted to recall any witnesses whose testimony is taken prior to Defendant Carroll if issues related to e-mail fabrication arise.

Best,

Jeff

--
***The Foundation is looking for 25,000 people who believe sacrificing $3 every month via a recurring donation in order to help free innocent people and prevent wrongful convictions. Please see https://www.patreon.com/Deskovic to donate and for details on exactly how the money would be spent. If you feel comfortable, please encourage others to do so via social media and other means. If the company you work for donates to non-profits, we would appreciate if you could suggest that they consider us.

Note: We are a 501(c)(3)***

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

**Disclaimer**

ALERT: Beware of WIRE FRAUD. Do not wire funds based upon email instructions. Email hacking is on the rise to fraudulently misdirect funds. Before wiring us any money, always call our office to verbally verify our wiring instructions.