# GLENN A. GARBER, P.C.
## ATTORNEYS AT LAW

GLENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

November 20, 2025

**BY ECF**
Honorable Magistrate Judge Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *O'Hara v. City of New York, et. al.,* 17-cv-4766 (LDH/RML)

Dear Judge Levy:

     There is a disagreement among the parties regarding the scope of the *Monell* claim in the initial complaint. The City argues that the claim is limited to a policy or practice at the KCDAO of committing prosecutorial misconduct and a failure to discipline for witness tampering, but only as it relates to punishing political enemies of DA Hynes. Plaintiff urges a broader reading of the complaint to encompass other forms of prosecutorial misconduct beyond witness tampering, including withholding exculpatory material (*Brady* violations); and that while there was a political motivation for the misconduct committed against O'Hara, the *Monell* claim should not be restricted to political prosecutions.

     At a conference on November 13, 2025, the Court instructed the parties to submit letters concerning the scope of *Monell* discovery. A text order followed which states in relevant part:

> The submissions should reference, inter alia, paragraph 238 of the complaint, which states: "Once a prosecution began, [KCDA ADAs and investigators] committed additional improprieties such as failing to present exculpatory evidence..." and paragraph 239: "[DA Hynes]...sanctioned, and actively participated in, his office's execution of the unlawful policy and custom, and was intimately familiar with the steps taken pursuant to the unlawful policy and custom."

     This letter addresses the points raised at the November 13th conference and in the Court's follow-up order.  Because the City has raised an alternative reading of Plaintiff's *Monell* claim, we

# GLENN A. GARBER, P.C.
ATTORNEYS AT LAW

GLENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

think that the time is now right to seek to amend the complaint and apply to do so in separate filing.[1]

### EVIDENCE OF PAST *BRADY* VIOLATIONS ARE RELEVANT TO PLAINTIFF'S CURRENT *MONELL* CLAIM

Under the Rule 26 discovery regime, the bar for relevance is exceedingly low. All that is required is that the discovery sought "possibly might be relevant" or that it is "reasonably calculated to lead to the discovery of admissible evidence." *Ladson v. Ulltra E. Parking Corp.,* 164 F.R.D. 376, 378 (S.D.N.Y. 1996)(internal citations omitted). "'Relevance,' in turn, is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Barella v. Vill. of Freeport*, 296 F.R.D.102 (E.D.N.Y.2013))(*quoting Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Evidence of misconduct other than witness tampering that went unpunished in the KCDAO is squarely relevant to the *Monell* claim under the broad relevance standard in the discovery phase, and the Court need not deviate from the four corners of the complaint to discern the relevance of *Brady* violations. In the complaint, Plaintiff specifically mentions *Brady* violations as one of the patterns or practices of prosecutorial misconduct that was present in the KCDAO at the time of Plaintiff's prosecution. In the *Monell* section of the complaint it states,

> 238. To that end, Assistant District Attorney and Investigators at the KCDA fabricated documents, harassed and intimidated witnesses, and bribed and coerced witnesses into providing false statements and testimony. Once a prosecution began, they [Assistant ADAs and Investigators] committed additional improprieties such as failing to ***present exculpatory evidence***, presenting fabricated evidence, and knowingly soliciting false testimony, before grand juries and at trial.
>
> 239. District Attorney Hynes knew of the KCDA's unlawful policy and custom, as he is the one who established it. Additionally, he sanctioned, and actively participated in, his office's execution of the unlawful policy and custom, and was intimately familiar with the steps taken pursuant to the unlawful policy and custom.

---

[1] If our motion to amend is granted, there will be no misunderstandings as to the scope of the *Monell* claim. We are at a point where discovery (fact and *Monell*) can still be completed within the schedule or very close to it. This course may also obviate an application to amend and possibly reopen discovery at a later time. It thus serves all the parties to permit amendment now because it will lead to the most expeditious route to the summary judgment stage. Moreover, regardless of the present dispute, facts emerged during fact discovery that warrant amending the complaint. And, while Plaintiff prefers to wait until after all discovery is completed to move to amend, as is typical, we are mindful of the view that the case is "old" (although not for discovery purposes) and the time pressure that looms.

# GLENN A. GARBER, P.C.
ATTORNEYS AT LAW

GLENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

*Complaint at paragraphs 238-239* (emphasis added). The complaint then specifically says that Hynes failed to discipline ADAs for this misconduct,

> 249. Despite knowing that Assistant District Attorneys and Investigators were committing these acts of misconduct, District Attorney Hynes failed to properly supervise or discipline them, which permitted this conduct to remain ongoing.

*Complaint at paragraph 249*.

Thus, in the complaint, Plaintiff specifically mentions *Brady* violations ("failing to **present exculpatory evidence"),** and the failure to punish them as patterns or practice that were occurring at KCDAO at the time of the O'Hara prosecutions. Plaintiff further asserts that the failure to supervise or discipline these instances of misconduct, including failure to present exculpatory evidence (i.e. *Brady* violations), "permitted this conduct to remain ongoing." The complaint therefore draws a specific nexus or causation between *Brady* violations and the misconduct committed against Mr. O'Hara. The Court can rely on the clear language of the complaint to find the relevance of Brady violations.

Second, as detailed more thoroughly in our motion to amend, evidence of the failure to discipline various types of misconduct are relevant to the commission of one specific type of misconduct because the failure to discipline the former could have caused the latter. E.g., *Vann v. City of New York*, 72 F.3d 1040 (2d Cir. 1995)(deliberate indifference may be established by showing that a "practice condoned by the defendant municipality was contrary to the practice of most police departments and was particularly dangerous because it presented an unusually high risk that constitutional rights would be violated")(internal quotations omitted); *Gentile v. Cnty. of Suffolk*, 129 F.R.D. 435 (E.D.N.Y. 1990); *Feliciano v. Town of East Hartford, 2023 WL 4826465* (District of Connecticut)(using a police practices expert to establish causation between a widespread practice of failing to investigate various forms of misconduct and the specific misconduct committed against plaintiff); *see also Beck v. city of Pittsburgh,* 89 F.3d 966, 974-75 (3rd Circ.)(holding that a department policy of conducting sham investigations of officers can be a cause of the specific misconduct suffered by plaintiff).

During discovery thus far, Plaintiff has unearthed four different instances of witness tampering against O'Hara: 1) ADA John O'Mara against Juan Perez, 2) ADA John O'Mara against Magaly Lucas, 3) ADA Dino Amoroso against Yvette Aguirre, and 4) a prosecution investigator, likely Danny McClean, against Josephine Vales. It is common-sense, and a jury could rationally infer, that the failure of KCDA to discipline many forms of misconduct, including *Brady* violations, put line prosecutors on notice that they could commit many forms of misconduct including witness tampering without being punished.

Consequently, the disciplinary records for ADAs who were found to have committed *Brady* violations and other non-witness tampering misconduct are relevant to the *Monell* claim as pled. And the City Defendants should be compelled to disclosure these materials and the others demanded. (attached hereto as Exhibits A-D are the recent demands).

**GLENN A. GARBER, P.C.**
ATTORNEYS AT LAW
GLENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

Thank you for your consideration.

Respectfully,

Glenn Garber and Alex Garber
Attorneys for John O'Hara.

cc: All counsel by email and ECF