

Office of the New York State
Attorney General

Letitia James
Attorney General

December 8, 2025

**<u>Via ECF</u>**

The Honorable Robert M. Levy, United States Magistrate Judge
United States District Court for the Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>O'Hara v. City of New York, et al.</u>, No. 17 Civ. 4766 (LDH) (RML)

Dear Judge Levy,

  This Office represents defendants James Brennan, John Keefe, and Jeffrey Wait (collectively, the "State Defendants") in the above-referenced action. I write in response to the Plaintiff's November 20, 2025 motion to amend, ECF No. 183, and the Court's November 25, 2025 Order to Show Cause. The State Defendants strongly oppose the Plaintiff's attempt to expand the scope of the case (and the scope of discovery, which ought to already be complete) after more than eight years of litigation, and particularly oppose the inclusion of new allegations against State Defendants James Brennan and John Keefe, as contained at paragraphs 252, 255 and 256 of the proposed Amended Complaint.

  Although the State Defendants submit this letter after the December 2, 2025 deadline in the Court's Order to Show Cause, the letter comes prior to the issue being joined and prior to the December 12, 2025 deadline proposed by the City Defendants in their recent letter. <u>See</u> ECF No. 185. The delay is due to the fact that counsel was not able to discern the new allegations against the State Defendants until December 5, 2025, when Plaintiff's counsel provided a revised, clear redline, which, for the first time enabled counsel to assess the actual proposed changes being made to the original complaint. (A copy of that new redline version is attached hereto for the Court's convenience as Exhibit A). Plaintiff's initial motion to amend did not contain the redline of new additions required by Local Civil Rule 15.1(a), <u>see generally</u> ECF No. 183, and the redline Plaintiff submitted later made no clear distinction between added, moved, and deleted text. <u>See</u> ECF No. 184-1 at 32-33. On this basis, the State Defendants respectfully request that the Court accept this letter as timely filed ahead of the City Defendants' proposed deadline. If the Court denies the City Defendants' extension request, the State Defendants ask that the Court accept this letter *nunc pro tunc*.

**The Proposed Amendment Contains New Allegations Against the State Defendants**

For his part, Plaintiff has represented his proposed amendment as a limited clarification of his Monell claim against the City Defendants, and asserts that "there is no rational argument that amending the complaint at this stage is undue or that it would cause any prejudice to the defendants." ECF No. 183 at 2. In fact, contrary to previous representations, the proposed amendment asserts additional arguments concerning the *State* Defendants, in what appears to be an attempt to tie them into the scope of the Monell claim that Plaintiff had only previously indicated was as to City Defendants – and thus potentially into the scope of further discovery.

Paragraph 252 of the proposed amended complaint adds a new allegation regarding "the separate prosecution of Defendant John Keefe," and asserts that the chief of the Sex Crimes Division at the Kings County District Attorney's office called Plaintiff's girlfriend "and attempted to pressure her to drop the charges against Keefe." Proposed Paragraph 255 places two of the State Defendants into Plaintiff's new deliberate indifference Monell theory, asserting that the KCDA's "deliberate indifference to misconduct [] caused . . . Assemblyman Brennan, Mr. Keefe, and Mr. Carroll to commit illegal and unethical acts, including but not limited to witness tampering." Plaintiff similarly asserts in the proposed Paragraph 256 that "[i]f KCDAO had investigated and disciplined employees who committed acts of misconduct . . . Assemblyman Brennan, Mr. Keefe, and Mr. Carroll would not have committed misconduct against O'Hara."

The amendment poses the potential to expose the State Defendants to liability for a claim that had not previously been asserted against them, resulting in substantial prejudice, as set forth below. Cf. GEOMC Co., Ltd. v. Calmare Therapeutics Inc., 918 F.3d 92, 100 (2d Cir. 2019) ("As a general rule, the risk of substantial prejudice increases with the passage of time."). We note that the present application is brought by the sixth different law firm that Plaintiff has brought on[1] to represent him. See ECF No. 169 & 171. New counsel is aware that that prior counsel for Plaintiff has already completed discovery against the State Defendants (and all but one other defendant), but that the facts that have been developed may not be sufficient to make a case against the State Defendants. Accordingly, State Defendants respectfully submit that in extending Monell discovery, the Court did not intend to give Plaintiff another opportunity to revisit discovery against parties not properly involved with the Monell claim.

**Amendment Would Substantially Prejudice the State Defendants**

Adding additional Monell-related allegations against Assemblyman Brennan and Mr. Keefe this far into the case would cause undue and substantial prejudice to the State Defendants. "A district court has discretion to deny leave for good reason, including . . . undue delay[] or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). And federal courts "are particularly likely to find prejudice where the parties have already

---

[1] The new firm, Glenn Garber PC, joined the litigation on June 23 of this year, shortly before the case's eighth anniversary. It was preceded by 1) The Law Office of Jeffrey Deskovic, PLLC; 2) Hinman, Howard & Kattell LLP; 3) Kelly & Grossman, LLP; 4) The Law Office of Mirel Fisch; and 5) The Law Office of Anthony M. Grandinette. See generally Docket.

completed discovery." Werking v. Andrews, 526 F. App'x 94, 95 (2d Cir. 2013) (summary order) (affirming denial of leave to add a new Monell theory).

The State Defendants have diligently fulfilled all their discovery obligations: their final document production was completed in June of 2023, two and a half years ago, and all three State Defendants have already sat for depositions, concluding with Mr. Keefe's deposition on July 2, five months ago. Pursuant to the Court's order, fact discovery is concluded, with the exception of one defendant deposition and three nonparty depositions.[2] See November 13, 2025 Minute Entry. Plaintiff should not be permitted to expand the scope of this case (and discovery) beyond the allegations that State Defendants have been defending for eight years. State Defendants only consented to adjourn those depositions based on the explicit understanding that any Monell discovery in the meantime would not be directed against them. Plaintiff should not be permitted to expand the case by expanding his longstanding Monell claim; and even if he were, he should not be permitted to use it to drag the State Defendants into a new "Monell phase of discovery." ECF No. 172 at 2.

"A different strategic decision by newly substituted counsel simply is not a sufficient basis for leave to amend where [the opposing party] is prejudiced by the amendment." Berkeley Assurance Co. v. John J. Fisher, P.C., 771 F. Supp. 3d 292, 302 (S.D.N.Y. 2025) (quotation and brackets omitted). Accordingly, State Defendants respectfully oppose the Plaintiff's request to amend the Complaint to the extent it expands allegations against them, and respectfully request that the Court adhere to the current January 25, 2026 deadline for discovery. We thank the Court for its time and consideration.

Respectfully submitted,

James M. Thompson
Special Counsel
james.thompson@ag.ny.gov

cc: Counsel for all parties (via ECF)

---

[2] Plaintiff's assertion that "[f]act depositions have only just begun and Monell discovery has not even begun," ECF No. 183 at 11, is simply an incorrect description of the state of this case, as the Court is well-aware. Instead, as the Court has already ordered, "[f]act discovery is complete" with the exception of the three identified depositions, and Monell discovery has never been stayed. Plaintiff's Monell claims have been a fundamental part of his Complaint since its filing in August 2017, see ECF No. 1 ¶¶ 215-51, and nothing has stopped Plaintiff from pursuing the Monell claim during the years of discovery that have already passed. The only reason that "Monell discovery has not yet begun" is that Plaintiff's prior firms did not choose to begin it.