# GLENN A. GARBER, P.C.
## ATTORNEYS AT LAW

GLENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

December 9, 2025

**BY ECF**
Honorable Magistrate Judge Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *O'Hara v. City of New York, et. al.,* 17-cv-4766 (LDH/RML)

Dear Judge Levy:

We write to correct the State Defendants' misunderstanding in its December 8, 2025, letter (DE 187) about the proposed amended complaint and the scope of the *Monell* claim.[1]

Our November 20, 2025, motion to amend the complaint and the timing of it, sought to achieve two aims: 1) to clarify the *Monell* claim for the City's sake, and 2) to add facts developed during the recent discovery phase after our (current counsel's) engagement in the case. As we explained, the second objective may avoid the need for further amendment after the formal close of discovery, bringing us to dispositive motion practice for all parties as soon as possible. (DE 182, fn. 1).

Plaintiff has never asserted, nor do we raise in our amended complaint, that any State government policy or practice caused Plaintiff's injuries. The complaint and the amended complaint clearly set out a *Monell* claim against the City **and only the City**.

Paragraph 252 is relevant to the *Monell* claim against the ***City*** because it shows that a high-ranking prosecutor at the KCDAO intimidated a witness in a criminal prosecution of Defendant John Keefe. That allegation does not include any misconduct attributable to Defendant John Keefe, but rather only includes misconduct by a KCDAO (City) employee.

Plaintiff's assertions in Paragraphs 255 and 256 of the proposed amended complaint that the City's policy of failing to investigate and discipline misconduct caused all defendants to commit misconduct against Plaintiff does not create a new claim against the State Defendants or impute *Monell* liability to them. It simply suggests that the City's conduct and policies influenced or affected the State Defendants' misconduct against O'Hara in regard to the existing fabrication of evidence and conspiracy claims. Nor do paragraphs 255 and 256 of the proposed amended complaint constitute a substantive change from the original complaint, which contended that the KCDAO policy was a cause of the State Defendants' actions. (DE 1 at 30, original complaint, paragraphs 250 and 251). If one pairs theses paragraphs in the original complaint with

---

[1] On November 26, 2025, we notified the Court and the parties about an error regarding Alan Presser in the proposed amended complaint. (DE 186, fn. 2). We sent the parties a corrected version on December 5, 2025. Paragraphs 252, 255 and 256 that the State Defendants take objection to were in the initial proposed amended complaint provided on November 21, 2025 (DE 184).

# GLENN A. GARBER, P.C.
ATTORNEYS AT LAW

GLENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

paragraphs 255 and 256 of the proposed amended complaint it is apparent that they are carry overs from the original complaint. .

We ask the Court to reject the State Defendants' opposition to our motion to file an amended complaint.

Thank you for your consideration.

Respectfully,

Glenn Garber and Alex Garber
Attorneys for John O'Hara.

cc: All counsel by email and ECF