

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100  Fax: 212-867-4118
www.fkblaw.com

December 15, 2025

**VIA ECF Filing**
Hon. Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     *John O'Hara v. City of New York, et al.*
                   Civil Case No.:    17-cv-4766 (ILG)(RML)
                   FKB File No.:     303.010

Dear Judge Levy:

Our firm represents defendant John W. Carroll, Esq. ("Attorney Carroll") in the above-referenced matter. We write in response to Plaintiffs' request for a pre-motion conference seeking leave to amend their Complaint in this action (ECF Dkt. No. 183) which is now in its eighth year.

## I. Factual and Procedural Background

The instant action was initiated on August 15, 2017, alleging wide ranging conspiracy among a cavalcade of state, city, and private actors, all of whom purportedly worked together to dissuade Plaintiff from running for political office, even though Plaintiff has never come close to winning such office despite an extensive history of attempts. Plaintiff's 41-page, 350-paragraph pleadings asserted all manner of allegations, over which the parties have now litigated for eight years.

Although Plaintiff's original Complaint stated a *Monell* cause of action, Plaintiff has only now decided, at this late date, that extensive *Monell* discovery is required, thereby delaying this action even for the non-City of New York defendants. Indeed, Plaintiff's attempt to delay the end of discovery not only newly focuses on his *Monell* claims, but now even asserts new facts and new claims against other defendants, including Carroll.

## II. Plaintiff's Extreme Delay Demonstrates Dilatory Motive and Creates Prejudice

While a court should "freely give leave when justice so requires," District courts have "broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). "[I]t is rare for an appellate court to disturb a district court's discretionary decision" regarding amendment. *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir.1995). Leave is appropriately denied when there is futility, undue delay, undue prejudice, bad faith or dilatory motives, or repeated failure to cure deficiencies. *See MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77 (2d Cir. 2023).

Westchester: 84 Business Park Drive, Suite 211, Armonk, NY 10504 | Tel: 914-920-4000 | Fax: 914-347-3898
Long Island: 666 Old Country Road, Garden City, NY 11530 | Tel: 718-983-3501

A. <u>Delay, Dilatory Motive, and Prejudice</u>

Delay and dilatory motive are ample basis to deny leave to amend, and may themselves serve as a predicate for a finding of bad faith. *See, e.g.*, *Vine v. Beneficial Finance Co.*, 374 F.2d 627, 637 (2d Cir.), *cert. denied* 677 389 U.S. 970 (1967). Plaintiff seeks to amend the Complaint after eight years, ten depositions, tens of thousands of pages of discovery, and countless discovery motions by Plaintiff, most of which were denied. Plaintiff's attempt at delay is based on the supposed need to amend his *Monell* claims – which already appeared in the Complaint eight years ago.

Despite failing to pursue his *Monell* claims until now, Plaintiff nonetheless seeks to amend the Complaint to assert new alleged facts related to such claims. Under that thin guise, Plaintiff also asserts new factual assertions against defendants completely unaffiliated with the City of New York (the "City"). Plaintiff's proposed ¶ 255 newly alleges that KCDA's "deliberate indifference to misconduct further caused…Mr. Carroll to commit illegal and unethical acts, including but not limited to witness tampering." The proposed ¶ 256 similarly alleges that "[i]f KCDAO had investigated and disciplined employees who committed acts of misconduct…Mr. Carroll would not have committed misconduct against O'Hara."

Plaintiff nonsensically seeks to include Carroll, a private attorney who has never worked for the City, as part of the *Monell* claims. Even more so, the Complaint now asserts new factual allegations of "witness tampering." Plaintiff already beseeched this Court for opportunity for further discovery based on the representation that it would concern only his *Monell* claims. Plaintiff now seeks to abuse the Court's generous apportionment of additional time by not only amending the Complaint, but doing so beyond the bounds of *Monell* entirely.

These new allegations are emblematic of Plaintiff's tactics over this action's eight-year life span; every time the parties come close to finally closing the door on discovery, Plaintiff finds new last minute discovery issues to delay and prevaricate. Plaintiff has made futile motions for non-existent discovery from parties and non-parties alike, to un-redact City documents, for *in camera* inspection, for "native" version emails which had already been disclosed, among many other pointless efforts such as deposing numerous individuals who were under 10 years old at the time of the allegations in the Complaint.

It is highly prejudicial to seek amendments at this point, especially given the expense already committed to defense of this litigation. *See Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir.1993) (in determining what constitutes prejudice, courts consider whether assertion of new claim would, require opponent to expend additional resources or significantly delay resolution of dispute). Needless to say, the parties have already expended significant resources to litigate this matter. Plaintiff's new claims would require re-deposing witnesses and serving new document and interrogatory demands based on the new, unfounded assertions.

It is improper for Plaintiff to continue his wild goose chase at the expense of the many defendants in this action. In a desperate attempt to unearth some heretofore hidden "smoking gun," Plaintiff seeks to delay the inevitable close of discovery and subsequent summary judgment motion

practice.

"[T]he longer a plaintiff delays, the more likely [a] motion to amend will be denied." *Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 61 (1st Cir. 2018). Plaintiff's *Monell* claims have not suddenly been newly uncovered, such that justice requires an opportunity to litigate a new version of them. Plaintiff pleaded his *Monell* claims in the original Complaint, and his belated attempt to amend them and seek yet further discovery is the fault of Plaintiff, or possibly the result of changeover of the many attorneys that have come and gone as his counsel. Either way, Plaintiff should not be granted yet further opportunity to delay and prevaricate. Discovery should be closed after the remaining agreed-upon depositions.

****

Plaintiff has had more than ample opportunity to try to prove his claims. The time for a reasonable attempt to amend has long since passed; the time for further discovery must also, at long last, conclude. For the reasons stated above, Carroll respectfully requests that the Court deny Plaintiff's request for a pre-motion conference to amend the Complaint, or deny Plaintiff's proposed application for leave to amend.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Corey M. Cohen
Asher Kest

CC: All Counsel of Record (via ECF)