# GLENN A. GARBER, P.C.
## ATTORNEYS AT LAW

GLENN A. GARBER
(ADMITTED IN NY & NJ)

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279
TEL: 212-965-9370   FAX: 212-965-9375
WWW.GLENNGARBER.COM

January 22, 2026

**BY ECF**
Honorable Magistrate Judge Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *O'Hara v. City of New York, et. al.,* 17-cv-4766 (LDH/RML)

Dear Judge Levy:

We write in brief reply to the City's letter dated January 13, 2026 regarding the City's potential "burden" if the Court were to allow Plaintiff to amend the complaint.

It is "undue prejudice" and not "burden" that controls. And the City has not shown any undue prejudice if the Court permits amendment.  Having to comply with a fair discovery request is an inconvenience perhaps, but it is not a legal basis to oppose the amendment. *Randolph-Rand Corp. of New York v. Tidy Handbags, Inc.*, 2001 WL 1286989 (S.D.N.Y. Oct. 24, 2001)(*citing Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993)( ("Allegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute '"undue prejudice"').

As Plaintiff detailed in his December 22, 2025 letter, we have made substantial effort to minimize any inconvenience. We can obtain almost all of the required documents from the Jabbar Collins litigation team.  All we ask is for the City to search for and provide employee handbooks from 1990-2013, the years of DA Charles Hynes' tenure.  It appears as if the City has not even looked.  If the City cannot locate the materials after a reasonable and diligent effort, we are willing to explore other options, like subpoenaing the DA's office. At bottom though, asking the City to search for and disclose employee handbooks is not such a monumental or offensive request that it should prevent amendment of a meritorious claim.

Our willingness to pare down our discovery request is by no means a concession that we not entitled to the information we demanded, as the City seems to suggest. On the contrary, asking for only what we absolutely need is simply a courtesy and in keeping with all parties' common interest in moving to dipositive motion practice on all claims (fact and *Monell*) as soon as possible.

Thank you for your consideration,


Glenn Garber and Alex Garber
Attorneys for John O'Hara.

cc: All counsel by email and ECF