UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
JOHN O'HARA,

        Plaintiff,

    -against-

CITY OF NEW YORK, et al.,

        Defendants.
-------------------------------------------------X

REPORT AND
RECOMMENDATION
17 CV 4766 (LDH)(RML)

LEVY, United States Magistrate Judge:

By order dated April 27, 2026, the Honorable LaShann DeArcy Hall, United Sates

District Judge, referred plaintiff's motion to amend his complaint to me.  For the reasons stated

below, I respectfully recommend that the motion be denied.[1]

## BACKGROUND

Plaintiff John O'Hara ("plaintiff") commenced this action in August 2017,

asserting claims against defendants City of New York, District Attorney Charles J. Hynes

(substituted by the executor of his estate in 2019), Assistant District Attorneys John P. O'Mara,

Angelo M. Morelli, and Dino Amoroso, District Attorney Investigator Allen Presser

(collectively, the "City Defendants"), Assemblyman James F. Brennan, John Keefe, Jeffrey

---

[1] Courts within this Circuit generally approach motions to amend as dispositive if denied but non-dispositive if granted.  See, e.g., Pusepa v. Annucci, No. 17 CV 7954, 2024 WL 4579450, at *1 n.1 (S.D.N.Y. Oct. 25, 2024) ("A magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive." (quoting AT&T Corp. v. Atos IT Sols. & Servs., Inc., 714 F. Supp. 3d 310, 318 n.1 (S.D.N.Y. 2024))); Portelos v. City of New York, No. 12 CV 3141, 2015 WL 5475494, at *1 (E.D.N.Y. Sept. 15, 2015) ("[D]istrict courts in this circuit have generally found that denial of a motion to amend is dispositive, whereas granting a motion to amend is non-dispositive."). Because I find that the motion should be denied, it is appropriate to proceed by Report and Recommendation rather than Memorandum and Order.

Waite, Esq. (collectively, the "State Defendants"), and John W. Carroll, Esq.  (See Complaint, dated Aug. 15, 2017 ("Compl."), Dkt. No. 1.)  Plaintiff's complaint seeks compensation for what he claims was a politically motivated conspiracy and baseless prosecution designed to neutralize and punish him for his political activities.  (Id.)

Plaintiff now moves to amend his complaint to expand the scope of his claim for municipal liability under Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) (the "Monell claim").  (Letter Motion, dated Nov. 20, 2025 ("Mot."), Dkt. No. 183; Letter of Glenn Garber, Esq. and Alex Garber, Esq., dated Nov. 21, 2025, Dkt. No. 184.)  The operative complaint alleges that "the [Kings County District Attorney ('KCDA')], through [District Attorney ('D.A.')] Hynes, maintained an unlawful policy and custom of conducting illegal and unethical acts, including fabricating evidence, harassing, intimidating and bribing witnesses to provide false testimony, and filing false criminal charges, against political opponents of [D.A.] Hynes and his political allies" (Claim 8).  (Compl. ¶ 325.)  Plaintiff's proposed amended complaint seeks to add two Monell claims—one "based on deliberate indifference to prosecutorial misconduct including witness tampering" (Claim 4) and another "based on approval/ratification of witness tampering by [KCDA Office] Policy Makers" (Claim 5). (Plaintiff's Redlined Proposed Amended Complaint, dated Nov. 21, 2025 ("Proposed Am. Compl."), Dkt. No. 184-1, ¶¶ 299–313.)

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "This is a liberal and permissive standard, and the only grounds on which denial of leave to amend has long been held proper are

2

upon a showing of undue delay, bad faith, dilatory motive, or futility." Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021) (internal quotation marks omitted) (quoting Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015)).  Defendants argue that plaintiff's motion should be denied on grounds of undue delay and futility.  (City Defendants' Letter Brief in Opposition to Plaintiff's Motion to Amend, dated Dec. 12, 2025 ("City Opp'n"), Dkt. No. 189; State Defendants' Letter Brief in Opposition to Plaintiff's Motion to Amend, dated Dec. 8, 2025 ("State Opp'n"), Dkt. No. 187.)[2]

A court has discretion to deny leave to amend where the motion is made "after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceeding by, for example, introducing new issues for discovery." State Farm Ins. Cos. v. Kop-Coat, Inc., 183 F. App'x 36, 37-38 (2d Cir. 2006) (citation omitted).  "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (citation omitted). Courts have denied motions to amend when the request is made several years after commencement of the action and shortly before trial. See, e.g., Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995) (denying motion to amend made two and a half years after the action was filed and three months before trial); Amusement Indus., Inc. v. Stern, No. 07 CV 11586, 2014 WL 4460393, at *11 (S.D.N.Y. Sept. 11, 2014) (denying motion to amend because

_____

[2] I focus on the City Defendants' arguments in opposition to plaintiff's motion to amend because they are the only defendants that can be found liable for the Monell claims.  Nonetheless, the State Defendants "strongly oppose Plaintiff's attempt to expand the scope of the case (and the scope of discovery, which ought to already be complete) after more than eight years of litigation." (State Opp'n at 1.)

moving parties were aware of the essentials of the claims approximately eighteen months before filing the motion to amend).

The City Defendants argue that "[p]laintiff has not provided a good faith explanation for his motion to amend the complaint eight years after the commencement of the litigation, after the close of fact discovery, and on the eve of the conclusion of depositions." (City Opp'n at 3.)  According to the City Defendants, "the extremely belated amendment of the complaint would unduly prejudice City Defendants as it would both require City Defendants to expend significant resources to conduct the new Monell discovery and it would significantly delay the resolution of this litigation."  (Id. at 3–4.)  They contend that, "[u]nlike the Monell claim in the operative complaint, which appears to cabin the issue to instances of criminal prosecutions of political opponents," under the proposed amended complaint, "virtually any alleged wrongdoing by KCDA would suffice to establish the Monell claim" and therefore "the discovery plaintiff could seek would be boundless."  (Id. at 4.)

"Prejudice to the nonmoving party is the most important factor in determining whether to grant leave to amend and is the 'most frequent reason for denying leave to amend.'" Daddino v. Sanofi US Servs. Inc., No. 23 CV 8063, 2024 WL 1530762, at *11 (E.D.N.Y. Mar. 18, 2024) (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)), report and recommendation adopted, 2024 WL 1694063 (E.D.N.Y. Apr. 19, 2024).  In determining whether a delay in seeking an amendment will cause undue prejudice, courts generally consider whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." Azkour v. Haouzi, No. 11 CV 5780, 2012 WL 3667439, at *2 (S.D.N.Y. Aug. 27, 2012) (quoting Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000)); see also iMedicor, Inc. v.

4

Access Pharms., Inc., 290 F.R.D. 50, 53-54 (S.D.N.Y. 2013) (denying motion to amend where "assertion of plaintiff's new claims would both require defendant to expend significant additional resources to conduct discovery and prepare for trial, and significantly delay resolution of the dispute"); Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd., No. 11 CV 726, 2012 WL 2458060, at *8 (E.D.N.Y. June 27, 2012) (denying motion to amend where "defendants (and the Court) would certainly suffer some prejudice by the filing of an amended complaint this late in the proceeding, as that would necessarily prolong the resolution of the case"), aff'd, 2012 WL 3306612 (E.D.N.Y. Aug. 13, 2012).  Plaintiff's operative complaint alleges that the KCDA "maintained an unlawful policy and custom of conducting illegal and unethical acts . . . against political opponents of District Attorney Hynes and his political allies."  (See Compl. ¶ 325.)  In fact, the entire complaint centers on the claim that plaintiff was personally targeted by D.A. Hynes because of his political activity.  Now, more than eight years into this litigation, plaintiff is seeking to amend his complaint to add new allegations that are largely unrelated to his original allegations concerning politically motivated prosecutions but instead allege deliberate indifference to prosecutorial misconduct and approval of witness tampering.  (See Proposed Am. Compl. ¶¶ 299–313.)

Plaintiff concedes that expanding the scope of his Monell claim would necessarily extend discovery, but he contends that he is limiting his Monell discovery requests to four discrete categories: (1) documents related to the KCDA's "hoteling" program; (2) a list of 229 Assistant District Attorneys who were disciplined during D.A. Hynes' tenure; (3) personnel files of fifty Assistant District Attorneys allegedly involved in prosecutorial misconduct; and (4)

5

Employee Handbooks from 1990-2013, the years of D.A. Hynes' tenure.[3] (Letter of Glenn A. Garber, Esq., dated Dec. 22, 2025, Dkt. No. 192; Letter of Glenn A. Garber, Esq., dated Jan. 22, 2026, Dkt. No. 195.)  The City Defendants argue that allowing this discovery would increase expenses and cause significant delay, since most of the documents plaintiff seeks have not been located or are not readily available in a format that can be produced.  (Letter of Elissa B. Jacobs, Esq., dated Jan. 13, 2026, Dkt. No. 194, at 2-3.)

I find that permitting plaintiff to amend his complaint to add new Monell claims based on allegations of deliberate indifference to prosecutorial misconduct and approval of witness tampering at this late stage would delay the resolution of the matter and require the City Defendants to expend resources to defend against allegations unrelated to those in the operative complaint.  I therefore recommend that plaintiff's motion to amend be denied on this ground.[4]

---

[3]  Plaintiff claims that he can obtain the first three categories of materials from the litigation team in Jabbar Collins v. City of New York, No. 11 CV 766 (E.D.N.Y.).  (Letter of Glenn A. Garber, Esq., dated Jan. 22, 2026, Dkt. No. 195.)  However, plaintiff also states that he "has been unsuccessful in confirming the location and continued existence of the complete personnel files from the Collins[] litigation team," but believes "they were produced by the City in Collins and therefore should be in the City's possession and stored electronically."  (Letter of Glenn A. Garber, Esq., dated Dec. 22, 2025, Dkt. No. 192.)  As the City Defendants point out, the Collins matter settled in 2014, twelve years ago.  Counsel for the City Defendants states that "[t]his office does not appear to have an electronic version of the personnel files as produced in Collins and would have to confirm the existence of the hard copy file, request same from our storage facility to the extent that it still exists, and search same for a copy of the production."  (Letter of Elissa B. Jacobs, Esq., dated Jan. 13, 2026, Dkt. No. 194, at 3 n.3.)  The City Defendants also state that "there are no allegations that any witness in this case was a part of the hoteling program, unlike the Collins litigation" and that "requiring the City Defendants to review, respond to, and require witnesses to answer questions about a program so completely disconnected from the allegations in this case would increase expenses and cause significant delay."  (Id. at 3.)

[4]  In light of this recommendation, it is unnecessary to address the City Defendants' futility argument.

**CONCLUSION**

For the reasons stated above, I respectfully recommend that plaintiff's motion to amend the complaint be denied.  Any objection to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  Failure to file objections in a timely manner may waive a right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(d), 72.

Respectfully submitted,

*Robert M. Levy*

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
June 17, 2026