Index No. 17-CV-4766 (LHD) (RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN O'HARA,

Plaintiffs,

-against-

CITY OF NEW YORK, ET AL.,

Defendants

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMENDATION

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, NY 10007*


*Of Counsel: Elissa Jacobs*
*Tel: (212) 356-3540*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STANDARD OF REVIEW ........................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

CONCLUSION .......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Barthelemy v. Comm'r of Soc. Sec.,
    No. 18-cv-12236, 2020 U.S. Dist. LEXIS 56230 (S.D.N.Y. Mar. 31, 2020)............................1

Greene v. WCI Holdings Corp.,
    956 F. Supp. 509 (S.D.N.Y 1997) ....................................................................................................1

Kirk v. Burge,
    646 F. Supp. 2d 534 (S.D.N.Y. 2009).............................................................................................1

McCarthy v. Manson,
    554 F.Supp. 1275 (D.Conn. 1982), *aff'd,* 714 F.2d 234 (2d Cir. 1983) ......................................1

State Farms Ins. Cos. V. Kop-Coat, Inc.,
    183 F.App'x 36 (2d Cir. 2006) .......................................................................................................4

United States v. Male Juvenile,
    121 F.3d 34 (2d Cir. 1997)..............................................................................................................1

**Statutes**

Fed. R. Civ. P. 72(b)(3)...........................................................................................................................1

## PRELIMINARY STATEMENT

Plaintiff's Objections to the Honorable Robert M. Levy's Report and Recommendation (the "R&R") are simply a convoluted reassertion of his arguments, without citation to a single case in support of his position. Plaintiff points to no overlooked case law or argument, but repeats his rejected arguments. There is no clear error in the R&R, and the Court should adopt it in full.

## STANDARD OF REVIEW

Objections to a magistrate judge's report and recommendation should be specific and address only the portions of the proposed findings to which the party objects. Kirk v. Burge, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009). A district judge must determine *de novo* any part of the magistrate judge's disposition to which an objection has been properly filed. Fed. R. Civ. P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, objections that are an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition," without more, trigger only a review of the magistrate judge's report for "clear error." Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y 1997). A party may not have a "second bite at the apple" when filing objections to a Report and Recommendation, as the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.'" McCarthy v. Manson, 554 F.Supp. 1275, 1285–86 (D.Conn. 1982), *aff'd,* 714 F.2d 234 (2d Cir. 1983) (citation omitted).

The clear error standard applies if "a party's objections are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." Barthelemy v. Comm'r of Soc. Sec., No. 18-cv-12236, 2020

U.S. Dist. LEXIS 56230, at 1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks and citation omitted).

<strong><u>ARGUMENT</u></strong>

The R&R finds that permitting the amendment "at this late stage would delay the resolution of the matter and require the City Defendants to expend resources to defend against allegations unrelated to those in the operative complaint." (R&R at p. 6.) In coming to this determination, Judge Levy found that "eight years into this litigation, plaintiff is seeking to amend his complaint to add allegations that are largely unrelated to his original allegations." (R&R at 5.) Plaintiff does not dispute Judge Levy's characterization of the amendment, but instead repeats the same excuses regarding plaintiff's delay in moving to amend and the burden of any additional discovery that have already been reviewed and rejected. There is no clear error in Judge Levy's decision, and the Court should adopt the R&R in full.

Plaintiff repeats his claim that he can provide the majority of the materials necessary to support his *Monell* claim by obtaining them from counsel in a prior litigation, thus limiting any burden on the City. (Pl. Letter dated January 22, 2026, Dkt. No. 195; Obj to R&R, Dkt. No. 200-1 at p. 4.) Plaintiff claims that he "had access to the [prior] discovery and we were prepared to produce the materials" for three relevant categories. (Pl. Obj to R&R, p. 4.) This new assertion is a departure from plaintiff's previous representation and a mischaracterization of the record before Judge Levy as plaintiff had previously indicated that he had been "unsuccessful in confirming the location and continued existence" of the relevant files, which consist of a number of personnel files for at least 50 ADAs allegedly involved in prosecutorial misconduct. (Letter of Glenn A. Garber, Esq., dated Jan. 22, 2026, Dkt. No. 192, R&R at 6, fn. 3.) Thus, plaintiff's

2

present claim is undermined by his own prior representation, and does not indicate any clear error in the R&R's findings.[1]

Plaintiff requests in the alternative that he be permitted to forgo all of the discovery that the City would have to produce, claiming that there would be no burden on the City. (Pl. Obj. to R&R, p. 4). Plaintiff's argument is again incorrect and shortsighted. Allowing plaintiff to amend his complaint and rely on the purportedly limited categories of discovery[2] that plaintiff intends to produce would obligate "City Defendants to review, respond to, and require witnesses to answer questions about a program so completely disconnected from the allegations in this case would increase expenses and cause significant delay." (Letter of Elissa B. Jacobs, dated Jan. 13, 2026, Dtk. No 195 at 3 n.3.; R&R at 6 fn 3.) Moreover, plaintiff's proposal wholly ignores that City Defendants would be forced to engage in additional discovery to defend against whatever new discovery plaintiff intends to produce. Thus, plaintiff's alternative request does not dissipate Judge Levy's and City Defendants' concerns that the added discovery will "delay the resolution of the matter and require the City Defendants to expend resources to defend against allegations unrelated to those in the operative complaint." (R&R at 6).

Finally, plaintiff unsuccessfully tries to rehash his reasons for the delay in amending his complaint, yet offers no explanation for why he took no steps to actually amend the complaint

---

[1] Due to plaintiff's inconsistent positions, there is no way to know whether plaintiff is actually in possession of the extensive discovery he is seeking. To the extent that he is not, importantly, as defendants and the Judge Levy point out, the burden of locating and producing these files at this very late juncture would actually fall on the City. (Letter of Elissa B. Jacobs, dated January 13, 2026, Dkt. No. 194, at 2-3; R&R, Dkt. No. 198, at p. 6.)

[2] The discovery would be documents related to the KCDAO "hoteling" program; lists of the 229 ADAs disciplined for any reason under DA Hyness tenure, and available personnel files for approximately 50 ADAs involved in misconduct noted in court decisions.

during the more than seven years since he purportedly first announced his intention to do so. Plaintiff points again to motions made by defendants, but provides no explanation as to how these motions precluded plaintiff from moving to amend the complaint before now. (Pl. Obj. at 2; Letter of Glenn Garber, dated November 20, 2025, Dkt. No. 183 at 10-11.) Plaintiff claims that he required depositions be completed prior to amending the Complaint, yet at the same time asserts that his claim can be supported almost entirely records from a case that closed in 2014. (Pl. Obj. at 3-4; R&R at 6 fn. 3, noting that the *Collins* matter closed twelve years ago.) Plaintiff offers no explanation for why it took him so long to assert claims that were apparent from the *Collins* litigation, nor what information provided in depositions prompted the need to amend. In fact, there is no "satisfactory explanation . . . offered for the delay." R&R at 3, citing *State Farms Ins. Cos. V. Kop-Coat, Inc.*, 183 F.App'x 36, 37-38 (2d Cir. 2006).

## **CONCLUSION**

For these reasons, and for the reasons stated in Judge Levy's R&R, plaintiff's objections should be denied, the Report and Recommendation should be adopted in full and plaintiff's motion to amend the complaint and for discovery should be denied.

Dated: New York, New York,
July 21, 2026

Respectfully submitted,

**STEVEN BANKS**
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 3-193
New York, New York 10007
(212) 356-3540
Email: ejacobs@law.nyc.gov

By: _____

Elissa B. Jacobs
Senior Corporation Counsel